[File No. 6918]

GEORGE COTA, Appellant, v. LULA McDERMOTT, Rolette County, a Municipal Corporation, DAVID EURICH, Jr., and All Other Persons Unknown Claiming Any Estate or Interest in, or Lien or Encumbrance upon the Property Described in the Complaint, and LULA McDERMOTT, Respondent.

(16 NW(2d) 54, 155 ALR 1271)

460

Opinion filed October 20, 1944

*John A. Stormon,* for appellant.

*Oscar B. Benson,* for respondent.

Nuessle, J. This is an action to quiet title. Plaintiff claims under a deed from Rolette County, which in turn derived its title through tax sale proceedings. The defendant, Lula McDermott, answered. She alleged that she was the record title owner; that the tax deed, through which plaintiff claimed to derive his title, was void for the reason the tax deed proceedings on which it was founded were fatally defective in that no notice of expiration of the period of redemption was served as required by law, either upon her or upon the tenant in possession of the land. She claimed the right to redeem and, in that behalf, tendered the amount of the delinquent taxes and penalty, together with costs as required by the statute. The case was tried to the court and the defendant McDermott had judgment. Whereupon the plaintiff perfected the instant appeal.

There is no dispute as to the facts. The defendant Lula McDermott for many years prior to 1942 had been a resident of Rolette County. Her post office address was Dunseith. She owned the quarter section of land involved in the instant case. Dunseith was the post office nearest to this land and served the residents of the vicinity thereof. In the spring of 1942, McDermott removed with her family to the state of Washington, and has since resided there. She left no forwarding address at the Dunseith post office. She had failed to pay her 1937 taxes on the land and it was sold for these taxes in 1938 and, there being no other bidders, a tax sale certificate was issued to Rolette County, pursuant to the statute then in effect (chapter 266, Session Laws 1927, as amended). She made no redemption from

the tax sale. In the fall of 1941 the defendant Eurich rented the land and was in possession thereof as tenant when the proceedings to acquire tax title to it were had by Rolette County.

In the spring of 1942, no redemption having been made from the tax sale, the county moved to ripen its tax sale certificate to deed pursuant to the provisions of chapter 286, Session Laws 1941. In that behalf the county procured from the register of deeds and from the clerk of the district court, their respective certificates as to the record title owner of the land and as to the mortgage and lien holders and other persons interested and their respective post office addresses as shown by their records. These certificates showed that McDermott was the record title owner and that the Federal Farm Mortgage Corporation was a judgment lien holder. The auditor also checked the records in the office of the county agent and of the Rolette County Agricultural Adjustment Administration and found that there was no record therein as to any tenant occupying or operating the land in question. Thereupon, pursuant to the provisions of chapter 286, supra, the auditor caused notice of expiration of the period of redemption to be published. He also sent the notice by registered mail to the defendant McDermott at Dunseith, her post office address of record as shown by the certificate of the register of deeds, demanded a return receipt and paid the fee therefor. He did likewise with respect to the record lien holder. Subsequently, the postmaster at Dunseith returned the registered letter addressed to McDermott containing the notice of expiration of the period of redemption with a stamped notation thereon that the addressee had not called for her mail, had removed from the community, had left no forwarding address, and that her post office address was unknown. The postmaster, however, did not return the unsigned registry return receipt card. In due course thereafter the auditor filed proof by affidavit of the publication of the notice of expiration of the period of redemption and of the mailing of the registered letters containing such notice, together with the registry receipts given him when he mailed them accompanied by the return receipt signed by the lien holder and by the letter which had been sent to McDermott at Dunseith and returned bearing the postmaster's stamped notation as above set forth. He took no further steps, however, to ascertain Mc-

Dermott's whereabouts, or make service of the notice upon her. No redemption was made from the tax sale and in due course the auditor issued his tax deed to the county. Thereafter, and in accordance with the provisions of chapter 286, supra, the land in question was appraised and advertised for sale. Plaintiff was the purchaser at the sale and the county's deed, under which he now claims, was issued to him.

The defendant McDermott makes no contention that the proceedings prior to the service of the notice of expiration of the period of redemption were in any way subject to challenge. She predicates her case wholly on two propositions: (1) that there was no sufficient service of the notice of expiration of the period of redemption upon her and (2) that there was no such notice served upon Eurich, the tenant in possession.

In 1938, when the land in question was sold at tax sale, chapter 266 Session Laws 1927 as amended, was in effect. Pursuant to this statute it was necessary when the county proceeded to take deed to land sold to it for nonpayment of taxes, to serve the notice of expiration of the period of redemption personally upon the person, if any, in possession of the land, and also upon the owner if a resident of the county. If the owner was known to be a resident of some other county in the state, such notice was required to be served upon him by registered mail. And if he were not a resident of the state, service was required to be made upon him by registered mail, addressed to him at his post office address, if known to the county auditor, and if not known to him, then to the post office address nearest the land. These provisions of chapter 266, supra, were amended and re-enacted by chapter 235, Session Laws 1939. Chapter 235 required service by registered mail upon the record title owner and also upon the person, if any, in possession of the land. Chapter 235 was in turn repealed by chapter 286, Session Laws 1941, which changed the requirement as to service of notice of the expiration of the period of redemption and, in that behalf, provided in § 4 thereof: "The County Auditor shall serve the notice of the expiration of the period of redemption (1) Upon the record title owner; (2) Upon all mortgagees, lien holders and other persons interested therein as may appear from the records of the Register of Deeds and the Clerk of Court of said county. That said notice shall be served

by registered mail, a registry and return receipt shall be demanded and filed with proof of service. The expense of such service by registered mail shall be added to the amount required to redeem, and paid by the person making the redemption in addition to the amounts stated in the notice. The Auditor shall make proof of such service by affidavit showing the names and addresses of all parties upon whom such notice was served with the date of mailing and shall attach the registry and return receipts thereto, and file such affidavit and receipts with the original notice of the expiration of the period of redemption. The Register of Deeds and the Clerk of the District Court shall within ten (10) days or immediately thereafter upon request by the County Auditor furnish him with a certified list giving the names and addresses of all persons who appear to be interested as owners, mortgagees, lien holders or otherwise in the real estate sold to the county for taxes upon which the notice of the expiration of the period of redemption must be served."

In the instant case the county auditor proceeded on the theory that chapter 286 controlled rather than chapter 266, Session Laws 1927 as amended, the statute in effect when the tax sale was made. It will at once be seen, if the requirements of this statute were sufficiently complied with, that by challenging the tax deed because of the alleged failure to make proper service of the notice of expiration of the period of redemption upon the defendant and upon Eurich, the tenant in possession, the defendant raises the ultimate question as to whether the law in effect at the time the sale was made controlled rather than that in effect at the time the deed was taken.

Chapter 286 expressly repealed the pre-existing statute with respect to the taking of deed by counties where there was no redemption from tax sales. And § 22 thereof provides "This act shall not be construed so as to apply to or affect the validity of any tax deed proceedings had . . . prior to its effective date, but shall be liberally construed to carry out the purposes hereof." Clearly, the "tax deed proceedings" thus referred to in § 22 are the proceedings taken by the counties after sale and issuance of certificates to them to ripen the certificates to deed. So it is manifest that the legislature intended the statute should be retroactive and control in all proceedings to take tax

deed initiated subsequent to the time it became effective. Could the legislature do this without impairing vested rights?

The power to tax is a sovereign power inherent in the state. It is vested in the legislature which can exercise the power as it sees fit, subject only to constitutional limitations. Aubol v. Engeseth, 66 ND 63, 262 NW 338, 100 ALR 853; Davis v. McLean County, 52 ND 857, 204 NW 459, and authorities cited. The owner of land is charged with notice that it is subject to taxation and is taxed and of all proceedings providing for the collection of the tax. Nind v. Myers, 15 ND 400, 109 NW 335, 8 LRA(NS) 157; Beggs v. Paine, 15 ND 436, 109 NW 322. And it is the duty of the landowner to pay his taxes when they become due. Keely v. Sanders, 99 US 441, 25 L ed 327; Webster v. Auditor Gen. 121 Mich 668, 80 NW 705; Yates v. Hawkins, 46 N M 249, 126 P(2d) 476; 51 Am Jur 830, Taxation. The legislature may provide that in case of default in payment land charged with a tax may be sold to satisfy the same. Nind v. Myers, 15 ND 400, 109 NW 335, 8 LRA(NS) 157, supra; Beggs v. Paine, 15 ND 436, 109 NW 322, supra; 3 Cooley, Taxation, 4th ed §§ 1350 and 1382. And the right of redemption is wholly statutory. It is not an absolute right but is accorded as a matter of legislative favor and grace. Keely v. Sanders, 99 US 441, 25 L ed 327, supra; Baker v. State Land Office Bd. 294 Mich 587, 293 NW 763; 51 Am Jur 953 et seq, Taxation and cases cited. And the right to notice of expiration of the period of redemption stands on no different ground. So, in the absence of statutory requirement, no notice need be given. 51 Am Jur 964, Taxation. As we said in Beggs v. Paine, 15 ND 436, 109 NW 322, supra: "Under such a taxing system as ours, there is no necessity for service of notice personally or by publication. The law itself is ample notice to comply with the requirements of due process." Nor has a delinquent taxpayer a vested right in any existing mode of collecting taxes. There is no contract between him and the taxing authority that the latter will not vary the mode of collection. Allen v. Peterson, 38 Wash 599, 80 P 849; Wood v. Lovett, 313 US 362, 85 L ed 1404, 61 S Ct 983; League v. Texas, 184 US 156, 157, 46 L ed 478, 479, 22 S Ct 475. And where land is sold on nonpayment of taxes the resulting relationship as between the taxpayer and the taxing authority is not con-

tractual. It results from the taxpayer's delinquency and the whole proceeding is a remedy for such delinquency. Baird v. Chamberland, 70 ND 109, 292 NW 219; Mercury Herald Co. v. Moore, 22 Cal(2d) 269, 138 P(2d) 673, 147 ALR 1111; Baker v. State Land Office Bd. 294 Mich 587, 293 NW 763, supra. See also in this connection the discussion in Blakemore v. Cooper, 15 ND 5, 106 NW 566, 4 LRA (NS) 1074, 125 Am St Rep 574.

In view of the principles above set forth, and concerning which there can be no question in this jurisdiction, we are of the opinion that insofar as it affects tax debtors the legislature did not exceed its powers when it enacted chapter 286, supra. It is true that this chapter requires only service of the notice of expiration of the period of redemption by registered mail on the record owner in addition to the notice by publication, while the law in effect at the time the sale was made provided otherwise. But, as we have shown, no contractual relationship as between the taxpayer and the county results from a tax sale. The tax debtor is charged with knowledge that his land has been taxed; that if the tax is not paid it will be sold on a day certain; that if there are no other bidders it will be purchased by the county; that unless he redeems the county will take deed to it; that the procedure to be followed in doing so, including the manner of service of the notice of expiration of the period of redemption may be changed; that if it is changed, of that fact. Consequently, there results no impairment of any vested right of which the tax debtor can complain, and chapter 286, supra, is a valid enactment.

We next inquire as to whether the county auditor in the instant case sufficiently complied with the requirements of the statute, chapter 286, supra, in giving notice of expiration of the period of redemption. The legislature having prescribed what must be done in that behalf, the requirements thus imposed must be strictly complied with. Baird v. Zahl, 58 ND 388, 226 NW 549; Biberdorf v. Juhnke, 59 ND 1, 228 NW 233; State ex rel. State Bank v. Weiler, 67 ND 593, 275 NW 67; Cooley, on Taxation, 4th ed. § 1567. Section 4 of the statute (see supra) provides that "the county auditor shall serve the notice of the expiration of the period of redemption (1) Upon the record title owner; (2) Upon all mortgagees, lien holders and other persons interested

therein as may appear from the records of the Register of Deeds and the Clerk of Court of said county; That said notice shall be served by registered mail, a registry and return receipt shall be demanded and filed, with proof of service." As we construe this section the notice must be thus mailed to the addresses of those entitled thereto as furnished by the register of deeds and the clerk of district court on the auditor's request. Here, the auditor, insofar as he was able to do so, followed the letter of the statute in his effort to make service of the notice. He mailed it to the defendant at her record post office address, which was also the post office nearest the land and served the residents of that vicinity. It is true that he did not file with his affidavit of proof the return receipt signed by the record owner. That was not possible. It was not sent back with the uncalled for letter containing the notice. But he did file the returned envelope with the postmaster's stamped notation thereon as to why it was returned. Of course, the letter not being called for and delivered, the receipt could not be signed and so it would not, in any event, have added anything to the proof made. The purpose in having the return receipt filed was to show the person, if any, to whom it was delivered. Clearly, the legislature could not have intended that if the addressee did not receive the letter through no fault of the auditor the county could not take deed. On the contrary, it must have intended that an attempt should be made by the auditor, in the manner provided by the statute, to get service upon the tax debtor and that if he did everything required by the statute that he could do, there would be a sufficient service. The defendant was charged with knowledge as to how the service of notice of the expiration of the period of redemption would be made upon her. It was because of her neglect in failing to leave a forwarding address that the notice was not delivered to her. The requirements of the statute were sufficiently complied with.

Defendant insists that she was entitled to actual notice; that it was the auditor's duty when it appeared that the envelope containing the notice was not received because the defendant no longer got her mail at the post office to which it was sent, to make inquiry as to her whereabouts and, having ascertained the same to send the notice to such later address as he might have obtained or to make other service. In

this behalf, counsel cites the case of Carey v. Green (La App) 144 So 185. This was a case in the Court of Appeal and the holding therein sustains the defendant's contention. But, thereafter, the case was reviewed in the Supreme Court and that court reversed the decision of the Court of Appeal. See Carey v. Green, 177 La 32, 147 So 491. In the Carey case the statute required notice of delinquency to be sent by registered mail to the tax debtor. This was done. But the tax debtor did not call for his mail so the notice was returned and the tax deed was issued on account of nonpayment. In the Court of Appeal the contention was made, and sustained, that it was the tax collector's duty to deliver the notice of delinquency to the plaintiff, the tax debtor, either in person or at his residence which was known to the tax collector, or at the plaintiff's place of business if he had one. The Supreme Court reversing the Court of Appeal, said: "When the marshal and tax collector . . . sent to the plaintiff, the tax debtor, notice of delinquency 'by registered mail' he complied with the sole requirement of the statute, and performed his whole official duty in the matter, receipt of the notice by the tax debtor not being necessary. Hoyle v. Southern Athletic Club, 48 La Ann 879, 19 So 937. If plaintiff has lost his property, it is through his own neglect in not going for his mail. Had he not been remiss in this particular, he would have received timely notice of the delinquency in this case. In the face of positive law on the subject we are compelled to follow its provisions, and cannot be swayed by equitable considerations in deciding this case."

The defendant also cites and relies upon the case of State ex rel. State Bank v. Weiler, 67 ND 593, 275 NW 67, supra. We think, however, that this case does not sustain her position. What is there said must be read in the light of all the facts appearing in the case. There, the notice served, was held bad because it not only stated the matters required by the statute but other matters which could only have the effect of misleading the tax debtor. We merely held that under all the circumstances the notice was irregular in a matter of substance. Its effect was to lull the tax debtor into a sense of security by inducing him to believe his redemption period had been extended and accordingly the notice was not sufficient.

In any event, the case of Schott v. Enander, ante, 352, 15 NW(2d) 303, is decisive as against the defendant's contention. In that case the notice was sent by registered mail to the owner at his record address but was returned undelivered because of "insufficient address." We held that the requirements of the statute had been met by sending the notice to the record address of the then owner and so the service was good. In the instant case the auditor mailed the notice by registered letter to the owner at her record address, as required by the controlling statute, chapter 286, Session Laws 1941. This was a sufficient service of the notice upon her though she did not receive it. Accordingly, in the light of the holdings as above set forth defendant's challenge to the tax deed proceedings must be denied.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with the foregoing opinion.

MORRIS, Ch. J., and BURKE, CHRISTIANSON and BURR, JJ., concur.