Geo. R. BROWN, a/k/a George R. Brown, Plaintiff and Respondent,

v.

S. R. OTESA and L. F. Otesa, Intervening Defendants, and S. R. Otesa Co., a corporation organized under the laws of the State of North Dakota, of Williston, North Dakota; Ida C. Lilley, Engebret H. Langeland, his heirs, devisees, legatees and personal representative; O. F. Christensen, as Trustee for Sheridan County, Montana, residing at Plentywood, Montana; R. E. Hines, his heirs, devisees, legatees and personal representative; First State Bank of Charlson, North Dakota, a defunct banking corporation organized under the laws of the State of North Dakota; McKenzie County, North Dakota, a municipal corporation and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants,

and

S. R. Otesa and L. F. Otesa, Intervenors and Appellants.

No. 7610.

Supreme Court of North Dakota.

Dec. 14, 1956.

Rehearing Denied Jan. 18, 1957.

Strutz, Jansonius & Fleck, Bismarck, for intervenors and appellants.

John O. Garaas, Watford City, and Cox, Pearce & Engebretson, Bismarck, for plaintiff and respondent.

JOHNSON, Judge.

This is an action to quiet title in statutory form, brought by George R. Brown, involving the Northwest Quarter (NW¼) of Section 7, Township 150, North of Range 95 West of the 5th P.M., McKenzie County, North Dakota, and other lands. Only the land just described is involved in this appeal. The plaintiff obtained title to the premises by county deed from McKenzie County, North Dakota.

The defendants, S. R. and and L. F. Otesa, were originally not made parties defendant to the action. They petitioned the court for permission to intervene as defendants. The attorneys for the respective parties stipulated that they might intervene. The Honorable George A. McGee entered an order permitting S. R. and L. F. Otesa to intervene and to answer in the action. The action at that time was pending before him. Testimony was taken in 1952 before him. However, he died before the action was determined and the attorneys for the respective parties stipulated that further proceedings in the action be had before the Honorable Eugene A. Burdick, one of the judges of the Fifth Judicial District. Thereafter the case was reopened and further testimony taken in July and December 1955, the Honorable Eugene A. Burdick presiding.

The original amended answer interposed by S. R. Otesa and L. F. Otesa as statutory trustees of the defendant, the S. R. Otesa Company, a corporation, and the amended answer of S. R. Otesa and L. F. Otesa, intervenors, cover practically the same defenses. They generally deny the plaintiff has an estate or interest in the property to which they assert title. They allege by way of cross-complaint and counterclaim that George R. Brown was a tenant of the S. R. Otesa Company; that he subsequently acquired a tax deed to the property; that the acquisition thereof was for the benefit of the defendant S. R. Otesa Company, a corporation, its successors and assigns, and that he is estopped from denying the title of said company and its successors and assigns. They pray that the plaintiff be required to set forth his adverse claims to the property and that they be declared null and void and that title be quieted in the S. R. Otesa Company, its successors and assigns. The separate answer of S. R. and L. F. Otesa as intervenors sets forth that they are grantees

of the S. R. Otesa Company, a corporation. To the answer, cross-complaint and counterclaim of the defendants the plaintiff replied that he was a tenant of the S. R. Otesa Company, but that such tenant-landlord relationship terminated about the year 1932. As further defense the plaintiff pleads laches; that the cross-complaint and counterclaim of the defendants is barred by the ten year statute of limitations, by the twenty year statute, and that more than three years have ensued since the issuance of deed to the plaintiff on the premises involved and that the defense and counterclaim of the defendants is barred by the three year statute.

The trial court found for the plaintiff and the intervening defendants, S. R. and L. F. Otesa, appeal demanding a trial de novo.

The trial court made findings of fact to the effect that the tax proceedings taken by McKenzie County, North Dakota, concerning the NW¼ of Section 7, Township 150, North of Range 95 West of the 5th P.M., resulting in a tax deed, "was in all ways valid and according to law", and that the defendant S. R. Otesa Company and S. R. and L. F. Otesa and all other defendants have no interest whatsoever in said premises. It also found that the plaintiff was the owner of the NW¼ of Section 7–150–95, McKenzie County, North Dakota, subject to a mineral deed by the plaintiff to A. W. Ellis, who thereafter conveyed to the Louisiana Land Exploration Company of New Orleans, Louisiana.

The appellants specify as errors the trial court's determination that the tax proceedings relating to the NW¼ Section 7–150–95 are valid and according to law, and that the defendants S. R. and L. F. Otesa and all other defendants have no interest whatsoever in the premises. They assert that the notice of expiration of the period of redemption was improperly mailed, and was in fact never received by S. R. Otesa. They also claim that the trial court erred in determining that the defendants, S. R.

Otesa Company and S. R. and L. F. Otesa are barred from any relief for the reason that their action for relief was not commenced within ten years after their cause of action had accrued, "and that for such reason the said Defendants' equitable actions seeking equitable relief is barred by said residuary statute of limitations"; that the plaintiff had a fee simple title in the NW¼ 7–150–95.

The asserted invalidity of the tax title now owned by George R. Brown is based wholly upon failure to serve the notice of the period of redemption as provided by the statute. S. R. Otesa denies having received by registered mail the notice of expiration of the period of redemption.

The requirements for the service of the notice of expiration of the period of redemption are found in Section 57–2804 NDRC 1943. By this section it is required that the county auditor shall serve the notice of expiration of the period of redemption upon the owner of the record title of the real estate sold to the county, and upon each mortgagee, lienholder and other person interested therein as may appear from the records of the register of deeds and the clerk of the district court of said county. Said notice shall be served by registered mail and return receipt shall be demanded and filed with proof of service.

Pursuant to the statute, the auditor of McKenzie County obtained from the register of deeds a certificate which showed that the owner of record of the land involved was Engebret H. Langeland—"No address". Under mortgages and lienholders appears "S. R. Otesa Co., Williston, North Dakota". The word "Co." was scratched out and there was written in its place the address of S. R. Otesa, "Bismarck, North Dakota, % the Bank of North Dakota." At the time of the tax title proceedings, S. R. Otesa Company held an assignment of a sheriff's certificate of mortgage foreclosure sale covering the NW¼ Section 7–150–95. It also held an unrecorded sheriff's deed dated December 8, 1930,

on the same land. The sheriff's deed, together with a quitclaim deed dated December 15, 1930, from the S. R. Otesa Company to S. R. Otesa were both recorded in the office of the register of deeds, McKenzie County, on the 17th day of May, 1952.

The notice of expiration of the period of redemption is dated May 13, 1940. It was mailed to S. R. Otesa by registered mail at Bismarck, North Dakota, % Bank of North Dakota. The registry receipt is attached to the affidavit of service. It shows that registered article No. 3702 was mailed at Schafer, North Dakota, on May 18, 1940. This receipt also contains the identification, "No. 878–1921." The return receipt refers to registered article No. 3702 and shows that the notice of expiration of the period of redemption was received and receipted for by M. Sax. Stamped above his signature is "The Bank of North Dakota, Bismarck, North Dakota." The return receipt is dated May 22, 1940. It also bears the same identification as is on the registry receipt, "No. 878–1921." This identification was put on the registry receipt and the return receipt in ink by the post office officials at the request of the county auditor of McKenzie County. There is no question that the return receipt covers registered article No. 3702, which contained the notice of expiration of the period of redemption dispatched by the county auditor of McKenzie County to S. R. Otesa on May 18, 1940, and delivered to M. Sax. At the time of the mailing and the delivery of this registered letter, S. R. Otesa was working as a field man for the Bank of North Dakota. M. Sax was also an employee of the bank in charge of its mail. One of his duties was to pick up the mail and deliver it to the bank and its employees at its place of business in Bismarck, North Dakota.

It will be noted that the notice of expiration of the period of redemption on the land involved in this action was not mailed to the record address of S. R. Otesa Company, but rather to S. R. Otesa personally at his place of employment, care of the Bank of North Dakota, Bismarck, North Dakota. There is testimony in the record to explain why service was made in this manner. If S. R. Otesa, one of the statutory trustees of the S. R. Otesa Company, in fact received the notice of expiration of the period of redemption then the question remains whether there has been such service thereof as to result in a valid tax title to the real property in McKenzie County, North Dakota.

The evidence shows that the county auditor of McKenzie County, North Dakota, Arne Tollefson, and S. R. Otesa are old friends and well acquainted. Mr. Tollefson knew that Mr. Otesa worked for the Bank of North Dakota. He visited him there quite often. Mr. Tollefson was asked:

"I believe you testified on direct examination that—or was it cross examination—that S. R. Otesa had been in your office and requested your office to send him notices of all tax procedure and that you have made such a notation on the records? A. Yes

"Q. Of your office? A. Yes, sir."

Mr. Tollefson explained that in the certificate of the register of deeds furnished to him, his deputy had scratched out "Williston" by pencil and wrote "Bismarck, North Dakota, % Bank of N. D." Thus it appears that the change was made in the certificate of the register of deeds, apparently pursuant to the request of Mr. S. R. Otesa, or at least, pursuant to the personal knowledge of the auditor, that S. R. Otesa no longer resided at Williston and that he resided at Bismarck, North Dakota, and was employed by the Bank of North Dakota. Mr. Tollefson also testified that there was a notation on the tax sale record to the effect that the office was to notify S. R. Otesa. He was then asked:

"He asked to be notified in the event the property was to be taken by the

county for taxes, is that it? A. I suppose so."

S. R. Otesa admits that he was working for the Bank of North Dakota on or about May 22, 1940. He denies that he received notice of expiration of the period of redemption. He admitted that M. Sax worked for the Bank of North Dakota. He further admits that the Bank of North Dakota had a mail box where employees could pick up the mail belonging to them; that he did receive personal mail at the Bank of North Dakota, although he stated that it was "not very often."

Although Mr. Otesa at first denied receiving the thirty day notice dated February 7, 1942, also sent by registered mail, he did later admit that he received it. The thirty day notice advised him that the county had an offer for the purchase of the NW¼ 7-150-95 and that he had thirty days from the date of the notice, February 7, 1942, to make full payment of delinquent taxes, penalties and interest, specifying the amount necessary to make the redemption. The registry receipt shows that this notice was addressed to S. R. Otesa, "Bismarck, N. D.". The return receipt shows "S. R. Otesa" over the line "signature or name of addressee," signed "M. Sax" under which signature appears "signature of addressee's agent."

On cross-examination Mr. Otesa admitted that it was possible that he received this letter, read it, and then forgot about it. He also admitted that he had talked to Mr. Tollefson about receiving notices in tax proceedings concerning the NW¼ 7-150-95. He was asked:

"Did you ever notify Arne Tollefson as County Auditor of McKenzie County, in his office at Watford City in the Courthouse, that you would like to get notice of all proceedings in this tax proceedings concerning the Northwest Quarter of Section 7, 150, 95? A. We talked about it, yes.

"Q. Do you recall the word 'notify' there, did you know what words you stated to him? A. I don't remember that because we used to visit and talk about a lot of things, and I don't recall just what we talked about.

"Q. Did you inform him that at that time you were working for the Bank of North Dakota, or did you mention that in your discussion or your talks? A. Well, he knew I was working down there. I used to see him down in Bismarck once in a while.

"Q. He would make a personal visit with you now and then? A. If I happened to be in there Saturdays, he might be in the bank."

The registered letter containing the notice of expiration of the period of redemption was directed to S. R. Otesa, care of the Bank of North Dakota, Bismarck, North Dakota. It was taken out of the post office and receipted for by M. Sax, an employee of the bank in charge of its mail. It arrived at the Bank of North Dakota. The bank maintained facilities for its employees to obtain mail addressed to them at the bank at a mail box provided for that purpose. Mr. Otesa had received other personal mail at the bank. That indicates that he used the mail box facilities provided by the bank. The thirty day notice registered to him was received by him at the bank. He had requested that notices of any tax proceedings be sent to him. The county auditor had personal knowledge of his residence, his place of employment, and he and the auditor had talked about notices being sent to him. All these facts lead to the conclusion that Mr. Otesa received the notice of expiration of the period of redemption. His mere statement that he did not receive it does not preclude this conclusion.

Whether Mr. Otesa, after receipt of the registered letter containing the notice of expiration of the period of redemption,

took any cognizance thereof or even opened the letter containing said notice is immaterial. It is entirely possible that he has forgotten all about it. Twelve years had elapsed from the time the notice was dispatched to him and the commencement of this action. He had forgotten about receiving the thirty day notice, but after refreshing his memory, remembered that he had received it. He had, in fact, written the auditor in response to the thirty day notice.

The trial court found that the tax title taken by McKenzie · County was "in all ways valid and according to law." That finding warrants the assumption that the trial court was convinced that Mr. S. R. Otesa had been served with the notice of expiration of the period of redemption, and that he had received the same.

█ Actual notice shall consist in express information of a fact. Section 1–0123 NDRC 1943. Constructive notice shall mean notice imputed by the law to a person not having actual notice. Section 1–0124 NDRC 1943. It is perfectly obvious that actual notice of a fact is better than constructive notice thereof. Constructive notice may not impart any knowledge whatsoever. From the circumstances the law imputes knowledge. In this case S. R. Otesa had actual knowledge of the tax title proceedings by service of the notice of expiration of the period of redemption.

█ Under the circumstances here involved, is the service of the notice of expiration of the period of redemption upon the S. R. Otesa Company and S. R. and L. F. Otesa of such a nature as to terminate their interest in the property? That involves an examination of the real purpose of the provisions of Section 57–2804 NDRC 1943. Service by registered mail of a notice of expiration of the period of redemption is complete when the notice directed to the proper post office address of the person to be notified is registered and deposited in the mail. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582; Coverston v. Grand Forks County, 74 N.D. 552, 23 N.W.2d 746; Cota v. McDermott, 73 N.D. 459, 16 N.W.2d 54, 155 A.L.R. 1271. The fact that the notice to redeem, which has been sent by registered mail, is returned to the sender indicating that it could not be delivered imposes no duty on the sender to make further inquiry to ascertain another address to which the notice could be sent. Cota v. McDermott, supra; Schott v. Enander, 73 N.D. 352, 15 N.W.2d 303. Nor does it necessitate resort to another method of service. Cota v. McDermott, supra. But, as in this case, where the sender has personal knowledge of the residence of the addressee, knows that he is not receiving mail at the postoffice address of record, he may send the notice to the address where the addressee resides and if the addressee receives the notice then the object and purpose of the statute, namely notice, has been fully and effectually served.

█ The purpose of the statute, Section 57–2804 NDRC 1943, is to give notice to the owner of the real property that his property is about to be forfeited for taxes and that unless he redeems the same within the time specified in the notice, pursuant to statute, his rights thereto will terminate, leaving the owner only such rights as he may have to redeem or repurchase the property pursuant to Sections 57–2818 NDRC 1943, and 57–2819 NDRC 1953 Supp.

█ Since a valid tax title may be obtained where the notice was served as provided by the statute, although never received by the owner of the property, there is no reason why a valid tax title may not be obtained where service of the notice is actually made upon the owner at an address not shown of record. The receipt of the notice of expiration of the period of redemption gives him the information that the law contemplates; that tax title is being taken and that he must exercise his rights of redemption within the time

specified by law and as set out in the notice. Actual receipt of the notice, it appears, is the most effective and complete manner of notice possible.

In the case at bar, the owners of the property would have been cut off and their rights terminated thereto if the notice had been mailed to Williston, North Dakota, although it never was actually received by them. Under our statute, service of the notice of expiration of the period of redemption is authorized by registered mail.

"The county auditor shall serve the notice of the expiration of the period of redemption upon the owner * * * and other person interested therein as may appear from the records of the register of deeds and the clerk of the district court of said county." Section 57–2804 NDRC 1943.

■ To aid and guide the county auditor in the duties imposed upon him by the statute, it provides for a request of the register of deeds and the clerk of the district court to furnish a certified list giving the names and addresses of all persons who appear to be interested as owners, mortgagees, lienholders, or otherwise in the said real estate, upon whom the notice of the expiration of the period of redemption must be served. Where service is made at the actual residence or place of employment of the owner, and the notice is actually received, it is a sufficient service of the notice of expiration of the period of redemption.

■ Where the law prescribes a written notice as a method of giving information, the receipt of a letter containing the information is conclusive proof of knowledge of the purpose thereof. Whether as a matter of fact the recipient reads or takes notice of the letter makes no difference, because the notice contemplated has been given.

■ The inference that the addressee of a written notice acquired actual notice of its contents, which arises from delivery of a notice sent by mail, authorizes the submission to the trier of the facts of the question whether the addressee acquired such notice. James v. Hutchinson, Mo.App., 211 S.W.2d 507. In the case at bar, the trial court must have found that the owner received the notice of expiration of the period of redemption, otherwise there was no basis for its finding that the tax title was valid. The service of a valid notice of expiration of the period of redemption is jurisdictional to the acquisition by the county of a valid tax title to real property.

It is next contended that if the tax title is valid, there existed a landlord-tenant relationship between the plaintiff in this action and S. R. Otesa Company and S. R. and L. F. Otesa, and that the plaintiff's purchase of the property from the county inured to their benefit and that the plaintiff is estopped to deny their title and that Brown holds title to the premises in trust for them.

The plaintiff, George R. Brown, leased the land involved in this action from the S. R. Otesa Company under an oral lease from 1929 to 1932. S. R. Otesa collected rent for one year. Mr. Otesa and his tenant had some trouble in 1932 and the tenancy was terminated. Mr. Otesa admitted that there was no landlord-tenant relationship between the S. R. Otesa Company and the plaintiff in 1935. The County of McKenzie acquired tax title to the property October 1, 1940. The county leased the property to Willard Van Dyke in 1941 and 1942. The plaintiff, George R. Brown, purchased the property from the county at a public sale held on November 17, 1942. A contract for deed was entered into with him by the county on that date. On completion of the payments required by the contract for deed the county executed and delivered to him, December 7, 1948, a county deed to the premises.

■ · The ·evidence clearly shows that at the time of the acquisition of this property by McKenzie County there was no tenant-landlord relationship existing between George R. Brown and the S. R. Otesa Company, S. R. and L. F. Otesa. Mr. Otesa never, after 1932, inquired concerning the property from Mr. Brown; made no demand upon him for rent; and paid no taxes thereon. So far as the record indicates, the property after 1932 was without a tenant until the county rented it to Willard Van Dyke in 1941 and 1942.

■ ■ When the term of a lease on farm land expires and the tenant does not remain in possession of the land, legal possession thereof returns to the landlord. Wilson v. Divide County, N.D., 76 N.W. 2d 896. Here the evidence shows that both parties abandoned such lease as had existed between them. S. R. Otesa Company and S. R. and L. F. Otesa never collected any rent from that time on. This action was started in February 1952. Since no landlord-tenant relationship existed between the plaintiff and the S. R. Otesa Company and S. R. and L. F. Otesa at the time the county sold the property acquired by it by tax title, Section 28–0112 NDRC 1943 is not applicable. Wilson v. Divide County, supra.

Our determination that McKenzie County acquired a valid tax title to the premises formerly owned by S. R. Otesa Company and that at the time of the sale of the property by the county to the plaintiff, no tenant-landlord relationship existed between the plaintiff and the S. R. Otesa Company, makes it unnecessary to consider the application of any of the various statutes of limitations pleaded by the plaintiff.

The judgment of the trial court is affirmed.

BURKE, C. J., and SATHRE, GRIMSON and MORRIS, JJ., concur.