2016 ND 18

ESTATE OF Darwin A. GLASOE, LeAnne Glasoe, and Kris Glasoe, Plaintiffs and Appellants

v.

WILLIAMS COUNTY, N.D.; Bradley Parker and Brenda Parker, Husband and Wife, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the complaint, Defendants

Williams County, N.D., Appellee.

No. 20150095.

Supreme Court of North Dakota.

Jan. 19, 2016.

Kevin J. Chapman, Williston, N.D., for plaintiffs and appellants.

Adam M. Olschlager, Special Assistant State's Attorney, Billings, Mont., for appellee.

SANDSTROM, Justice.

[¶ 1] The Estate of Darwin Glasoe, LeAnne Glasoe, and Kris Glasoe (collectively "Glasoes") appeal from a judgment dismissing their action to recover and quiet title to property located in Williston. Because the Glasoes have failed to establish any jurisdictional defects in the tax lien foreclosure proceedings and LeAnne Glasoe's attempt to repurchase the property was too late, we affirm.

I

[¶ 2] Darwin Glasoe was the record title holder to a home in Williston when he died in 2003. His widow was appointed the personal representative of the estate, but she died shortly thereafter. No action was taken to further estate administration until a successor personal representative was appointed in December 2013. LeAnne

Glasoe and Kris Glasoe are Darwin Glasoe's surviving children, and LeAnne Glasoe lived in the home during all pertinent times. The Williams County Auditor continued to mail its annual tax statements to the record title holder, Darwin Glasoe, after his death. Although real estate taxes were paid on the property through 2009, no taxes were paid on the property from 2010 through 2013. The County placed a tax lien on the property for delinquent taxes in May 2013. A tax deed issued to the County dated October 2, 2013, was filed on October 7, 2013. The County sold the property at public auction to Bradley and Brenda Parker on November 19, 2013. On November 21, 2013, LeAnne Glasoe attempted to repurchase the property, but the County would not allow her to do so. The County issued the Parkers a deed to the property dated November 19, 2013, and the deed was filed on December 4, 2013.

[¶ 3] The Glasoes brought this action against the County and the Parkers to recover and quiet title to the property, claiming the tax deed was invalid because the County failed to strictly comply with the proper statutory procedures. The Glasoes also claimed LeAnne Glasoe should have been allowed to repurchase the property. Following a trial, the district court rejected the Glasoes' arguments and dismissed the lawsuit.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. The Glasoes' appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

## II

[¶ 5] The Glasoes argue the district court erred in concluding the County strictly complied with the laws governing the foreclosure of tax liens under N.D.C.C. ch. 57-28.

[¶ 6] This is the first case in which we interpret the revised statutory scheme for delinquent real estate taxes enacted by the Legislature in 1999. *See* 1999 N.D. Sess. Laws ch. 503. "The 1999 legislation streamlined the collection process by eliminating the tax sale and replacing it with a tax lien on the property with foreclosure and issuance of a tax deed to the county if the taxes were not paid by October 1 of the fourth year following application of the tax lien." *Peplinski v. County of Richland,* 2000 ND 156, ¶ 2 n. 1, 615 N.W.2d 546 (applying law in effect before 1999 legislation). Tax deeds are addressed in N.D.C.C. § 57-28-09, which provides in part that "[a] deed issued under this section is prima facie evidence of the truth and regularity of all facts and proceedings before the execution of the deed." "Where the statute makes a tax deed prima facie evidence of the regularity of all the proceedings leading up to the execution of the deed, the burden is upon the person attacking the tax title to prove that the tax title is jurisdictionally defective." *Peterson v. Reishus,* 66 N.D. 436, 266 N.W. 417 Syll. 2 (1936). Under N.D.C.C. § 57-28-08(3), the failure of an owner to satisfy a tax lien before the date of foreclosure "[w]aive[s] all errors, irregularities, or omissions which do not affect the substantial rights of the parties, except jurisdictional defects." *See Peplinski,* at ¶ 8. Thus, there must be strict compliance with mandatory jurisdictional requirements of the tax lien foreclosure statutes, and those statutes will be strictly construed in favor of the owners whose property is being foreclosed. *See Van Raden Homes, Inc. v. Dakota View Estates,* 546 N.W.2d 843, 846 (N.D.1996).

### A

[¶ 7] The Glasoes argue the district court erred in ruling the County complied with the service requirements under N.D.C.C. § 57–28–04.

[¶ 8] Sufficiency of service of process is a question of fact that will not be reversed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *See McComb v. Aboelessad*, 535 N.W.2d 744, 747 (N.D.1995). In *Knorr v. Norberg*, 2015 ND 284, ¶ 7, 872 N.W.2d 323, we explained:

> A district court's finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire record, a reviewing court is left with a definite and firm conviction a mistake has been made. *Syversen [v. Hess*, 2003 ND 118,] ¶ 9 [665 N.W.2d 23] (citing *Webster v. Regan*, 2000 ND 89, ¶ 14, 609 N.W.2d 733). In reviewing findings of fact, we view the evidence in the light most favorable to the findings and will not reverse the district court's findings simply because we may view the evidence differently. *Prairie Supply, Inc. v. Apple Elec., Inc.*, 2015 ND 190, ¶ 11, 867 N.W.2d 335. "In a bench trial, the district court determines the credibility of witnesses, and we do not second-guess those credibility determinations." *Danuser v. IDA Marketing Corp.*, 2013 ND 196, ¶ 31, 838 N.W.2d 488.

[¶ 9] Under N.D.C.C. § 57–28–04(1), the county auditor was required to give the notice of foreclosure of tax lien to the sheriff for personal service on the owner if known to be a state resident, and if not a state resident, the auditor was required to serve notice "by certified mail addressed to the owner at the owner's last-known post-office address and determine whether personal service upon any person is required under subsection 3." Under N.D.C.C. § 57–28–04(3), the notice must also be "served personally upon any person actually residing upon the property subject to tax lien and upon any tenant or other person entitled to the possession of the property as may appear from the records of the recorder."

[¶ 10] Here, a notice was sent by certified mail on May 15, 2013, to Darwin Glasoe, the owner of record, a deceased nonresident, at his last known address, which was the home subject to the tax lien. The record further reflects that on May 21, 2013, the notice, addressed to Darwin Glasoe, was personally served by a deputy sheriff upon LeAnne Glasoe, the person actually residing on the property, at a "hair salon" in Williston where she worked. The County also published a notice of foreclosure of tax lien in July 2013, in accordance with N.D.C.C. § 57–28–06.

[¶ 11] The Glasoes' argument that the County failed to comply with N.D.C.C. § 57–28–04(1) because LeAnne Glasoe, Kris Glasoe, and the Estate were not served by certified mail is incorrect because that statutory provision requires only an examination of what "current assessment records show." Here, the assessment records showed Darwin Glasoe as the record owner, and the notice was mailed to his last known address. This statute did not require the auditor to investigate further. *See Van Raden Homes, Inc.*, 546 N.W.2d at 849, and cases collected therein; *Cota v. McDermott*, 73 N.D. 459, 466, 16 N.W.2d 54, 57 (1944).

[¶ 12] The Glasoes contend there was no valid personal service on LeAnne Glasoe under N.D.C.C. § 57–28–04(3), because the envelope was addressed to Darwin Glasoe rather than to LeAnne Glasoe. The sheriff's return states that the deputy

served "DARWIN GLASOE, by leaving with LEANNE GLASOE" the sealed envelope. The deputy testified that when he gave the envelope to LeAnne Glasoe he told her "it was very important that she pay attention to the contents because it was a Foreclosure Notice." LeAnne Glasoe testified, "I didn't even open it, I went right back to work." Although the envelope was not addressed to LeAnne Glasoe, she had been living in the home and receiving her deceased father's correspondence from the auditor for almost a decade, and the real estate taxes had been paid during most of that period. Even if the notice should have been addressed to LeAnne Glasoe rather than to her deceased father, this irregularity did not affect her substantial rights and was not a jurisdictional defect. We conclude the district court's finding that on "May 21, 2013, Williams County Sheriff personally served the Notice of Tax Lien Foreclosure on LeAnne Glasoe" is not clearly erroneous.

[¶ 13] The Glasoes also argue the County failed to comply with N.D.C.C. § 57–28–04(4), which provides:

> The county auditor shall serve the notice of foreclosure of tax lien upon each mortgagee, lienholder, and *other person with an interest in the property* except a person whose only interest is in a mineral interest that was severed from the surface estate before the filing of any unsatisfied lien or mortgage or before January first of the year following the year for which the taxes were levied and to which the notice of foreclosure of tax lien relates, and upon whom personal service is not required by this section, *as shown by the records of the recorder or the clerk of the district court of the county.* The notice must be served by certified mail.

(Emphasis added.)

[¶ 14] The Glasoes argue the auditor had a statutory duty to investigate other interests in the property under N.D.C.C. § 57–28–04(4), and if the auditor had searched the records of the district court, the auditor would have learned Darwin Glasoe had died and both LeAnne and Kris Glasoe had inherited the property, which they argue would have necessitated notice by certified mail to both LeAnne and Kris Glasoe. They also contend there was invalid service on a "dead being" under N.D.R.Civ.P. 4, and the personal representative of Darwin Glasoe's estate needed to be served. We reject these arguments for two reasons. First, if the auditor had investigated district court records, the auditor would have discovered a dormant probate with a deceased personal representative and a last will and testament of Darwin Glasoe directing that the "home be sold" upon his death and the net proceeds "be split equally between my two children." Neither sibling was devised the property. Although property devolves upon the decedent's death under N.D.C.C. § 30.1–12–01 (U.P.C. 3–101), this provision does not aid the Glasoes under these circumstances because the property was not to pass to the siblings. Second, the Glasoes' arguments suggest the County would be responsible for either seeking appointment of a personal representative or initiating probate proceedings to accomplish service upon a deceased owner of record when no probate proceedings are pending. The Glasoes' attempt to impose these additional duties upon the County beyond the statutory requirements resembles arguments we have rejected in similar contexts. *See, e.g., Capps v. Weflen,* 2014 ND 201, ¶ 13, 855 N.W.2d 637 (in abandoned mineral case, "a surface owner is required to conduct a reasonable inquiry only if the mineral owner's address does not appear of record, even if the surface owner knows the mineral owner whose address appears of record is deceased"); *Hefty v. Aldrich,*

220 N.W.2d 840, 845 (N.D.1974) (county officials may rely on their records and have no "burden of otherwise ascertaining who is the actual owner of the property"); *Axt v. Bank of America,* 72 N.D. 600, 604, 10 N.W.2d 430, 433 (1943) (county auditor does not have "the burden of determining who was the actual owner or owners of property regardless of what the records in his office might show"). We conclude the County did not violate the requirements of N.D.C.C. § 57–28–04(4).

[¶ 15] The Glasoes argue that because the record does not contain any proof of service of the "Final Notice" of the "Expiration of the Redemption Period," there is a jurisdictional defect rendering the tax deed null and void under this Court's decision in *Brink v. Curless,* 209 N.W.2d 758 (N.D.1973), *overruled on other grounds in City of Bismarck v. Muhlhauser,* 234 N.W.2d 1 (N.D.1975). In *Brink,* at 771, this Court held the filing of an affidavit of proof of service of the original notice of the expiration of the period of redemption is a jurisdictional requirement. We reject the Glasoes' argument. First, the *Brink* Court relied in part on provisions contained in N.D.C.C. ch. 57–27, which was repealed by the 1999 legislation. *See* 1999 N.D. Sess. Laws ch. 503, § 47. Second, the 1999 legislation replaced references to notice of "expiration of the period of redemption" with "foreclosure of tax lien," and the record establishes proper notice of the foreclosure of the lien was given under the provisions of N.D.C.C. § 57–28–04. Third, the Glasoes do not cite and we have not found any current statute that required the County to give this "Final Notice" of the "Expiration of the Redemption Period." The "Final Notice," dated August 30, 2013, and addressed to "LeAnne Glasoe," stated, "This is to remind you that the Expiration of the Redemption Period is October 1, 2013 . . . ." It

appears this "Final Notice" was simply a courtesy notice as evidenced by its informal language. This Court has held an effort on the part of a county auditor to give further notice of the expiration of the period of redemption beyond what the statutes require is of no effect unless the owners show they were misled by the extra-legal notice. *See Wittrock v. Weisz,* 73 N.W.2d 355, 356 Syll. 3 (1955); *Buman v. Sturn,* 73 N.D. 561, 16 N.W.2d 837, 838 Syll. 2 (1944). LeAnne Glasoe testified she received the "Final Notice" and "went down to the courthouse" to inquire. Although the Glasoes contend LeAnne Glasoe was misled by the "Final Notice," her claim of confusion is based on her rejected argument she had never been properly served with the notice of foreclosure of tax lien in the first place and therefore had no knowledge the County was going to auction the home. Because there was no statutory requirement to give this additional notice, it does not matter whether there is proof of service in the record.

[¶ 16] We conclude the district court's findings of fact that the Glasoes received proper notice are not clearly erroneous.

## B

[¶ 17] The Glasoes argue LeAnne Glasoe should have been allowed to repurchase the property under N.D.C.C. § 57–28–19, which allows persons to repurchase "so long as the tax title to the property remains in the county."

[¶ 18] The sale of land acquired by tax deed occurred on November 19, 2013, and the Parkers' bid on the property and $5,000 down payment was accepted on that date. On November 21, 2013, LeAnne Glasoe attempted to repurchase the property, but the County refused. The County received the remainder of the money from the Parkers on November 22, 2013, and the County conveyed the property to the

Parkers through a deed executed on December 3, 2013, but dated November 19, 2013, the day of the sale. In *Lyche v. Steele County*, 72 N.D. 238, 6 N.W.2d 92 Syll. 2 (1942), this Court, in construing a predecessor statute to N.D.C.C. § 57–28–19 which allowed redemption "at any time while the tax title thereto remains in such county," held "[t]he sale of property acquired by a county through tax deed by the acceptance of a valid bid therefor cuts off the right of redemption or repurchase" under the statute.

[¶ 19] We apply the same reasoning here, and conclude LeAnne Glasoe's attempt to repurchase the property after the Parkers' bid had been accepted came too late. The Glasoes have failed to establish any jurisdictional defect in the proceedings.

### III

[¶ 20] We do not address other arguments raised because they are either unnecessary to the decision or are without merit. The judgment is affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, LISA FAIR McEVERS and WILLIAM A. NEUMANN, S.J., concur.

[¶ 22] The Honorable WILLIAM A. NEUMANN, S.J., sitting in place of CROTHERS, J., disqualified.