# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 168

Cache Private Capital Diversified Fund LLC,                    Plaintiff and Appellee

v.

Joshua K. Braddock,                    Defendant and Appellant

and

Any person in possession,                    Defendants

### Nos. 20250176 & 20250177

Appeals from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Tyler S. Wirick, Salt Lake City, UT, for plaintiff and appellee.

Joshua K. Braddock, self-represented, Gladstone, ND, defendant and appellant.

**Bahr, Justice.**

[¶1] Joshua Braddock appeals from a judgment evicting him from real properties located in Gladstone, North Dakota. We affirm.

I

[¶2] In February 2021, Cache Private Capital Diversified Fund LLC executed a contract for deed with Braddock for properties located at 1005 and 1013 Main Street, Gladstone, North Dakota (the Property). Under the terms of the contract, Cache would convey the Property to Braddock upon his full and timely performance.

[¶3] Braddock failed to make payments as required by the contract for deed. Cache served and published a notice of cancellation, which provided:

> Under N.D.C.C. § 32-18-04, after the service of this Notice of Cancellation of Contract for Deed, you shall have six months to cure the default. If you cure the default within this time period, together with the cost of service of such notice, the Contract for Deed shall be reinstated and shall remain in full force and effect as if no default occurred therein. If you fail to cure the default within this time period, however, the cancellation will be effective, and the Contract for Deed shall be terminated and shall not be reinstated by any subsequent offer of performance or tender of payment. Further, you will lose all of the money you have paid on the Contract for Deed, you will lose your right to possession of the Property, you may lose your right to assert any claims or defenses that you might have, and you will be evicted if you fail to voluntarily and timely vacate the Property.

[¶4] Braddock failed to cure the default, or to file any affidavit asserting counterclaims or defenses, during the six-month redemption period. After the redemption period expired, Cache recorded a notice of cancellation of contract for deed with the office of the Stark County clerk and recorder.

[¶5] Braddock remained in possession of the Property after Cache filed the notice of cancellation. In January 2025, Cache served Braddock with a three-day notice of eviction. In February 2025, Cache filed an eviction action for the property located at 1013. A process server declared in a return of service affidavit the process server attempted to serve Braddock on February 21, 2025 and February 23, 2025, but there was no response at the door and "no activity seen or heard." Thus, the process server posted the summons, complaint for restitution of real property, and exhibits "to a conspicuous place on the property" on February 23, 2025. *See* N.D.C.C. § 47-32-02. Cache also prepared a declaration of mailing of the summons and complaint stating it mailed the summons and complaint to Braddock's last known address on February 26, 2025. Cache included proof of mailing with the declaration.

[¶6] On March 13, 2025, Cache filed a separate eviction action for the property located at 1005. At a subsequent hearing, the district court and the parties decided not to consolidate the cases under the same case number, but to hear the matters together.

[¶7] On April 23, 2025, at the end of the eviction hearing, the district court orally granted eviction in both cases. On April 30, 2025, the court issued its written order and a judgment of eviction. The court found Cache is the owner of the Property; the parties entered a contract for deed; Braddock failed to perform under the terms of the contract for deed; Cache recorded a notice of cancellation of contract for deed in December 2024; on January 7, 2025, Cache executed a three-day notice to vacate under N.D.C.C. §§ 47-32-01 and 47-32-02; on or about January 23, 2025, Cache personally served Braddock with a copy of the notice to vacate and mailed to the Property, by regular and certified mail, a copy of the notice to vacate; under N.D.C.C. § 47-32-02, on February 23, 2025, Cache served the summons and complaint on Braddock by posting; Braddock failed to vacate the Property and remained in possession of the Property; and Braddock is wrongfully retaining possession of the Property. The court ordered Braddock vacate the Property no later than five days after entry of judgment.

## II

[¶8] Braddock argues the district court lacked jurisdiction due to insufficient service of process. Braddock also argues the court improperly excluded evidence at the eviction hearing and improperly granted the order of eviction.

## A

[¶9] Braddock argues the district court lacked jurisdiction over the eviction hearing under N.D.C.C. § 47-32-02 due to insufficient service of process. He asserts he did not receive the document packet until after the March 5, 2025 hearing. Based on this assertion, Braddock argues service was outside of the statutory window, which provides a summons and complaint may not be served "fewer than three nor more than fifteen days from the date on which the summons is issued." N.D.C.C. § 47-32-02. Braddock further argues the document packet taped to his door did not include a summons or complaint, rendering process insufficient. Cache responds that service was proper and within the statutory window. Cache relies on the process server's return of service, which states "on the 23rd day of February, 2025 at 3:18 pm, I: POSTED by attaching a true copy of the SUMMONS; COMPLAINT FOR RESTITUTION OF REAL PROPERTY[.]"

[¶10] "Valid service of process is necessary to assert personal jurisdiction over a defendant." *State by Workforce Safety & Ins. v. Oden*, 2020 ND 243, ¶ 8, 951 N.W.2d 187 (quoting *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90). "Sufficiency of service of process is a question of fact that will not be reversed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a)." *Est. of Glasoe v. Williams Cnty., N.D.*, 2016 ND 18, ¶ 8, 874 N.W.2d 311. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made." *Nagle v. Nagle*, 2025 ND 94, ¶ 11, 20 N.W.3d 699 (quoting *Stephenson v. Stephenson*, 2011 ND 57, ¶ 7, 795 N.W.2d 357). A district court's findings of fact are presumptively correct. *Ted J. Boutrous, L.L.C. v. Transform Operating Stores, LLC*, 2023 ND 35, ¶ 28, 987 N.W.2d 350. A court's choice between two permissible views of the weight of the evidence is not clearly

erroneous. *Van Beek v. Van Beek*, 2025 ND 96, ¶¶ 28-29, 21 N.W.3d 79; *see also Dakota Bank & Trust Co. of Fargo v. Federal Land Bank of Saint Paul*, 437 N.W.2d 841, 843 (N.D. 1989) (stating "[w]hether or not service was made is a fact issue to be reviewed by this court pursuant to NDRCivP 52(a)" and that "[w]e will not reverse the trial court's findings of fact unless clearly erroneous").

[¶11] "A prima facie showing of valid service is presumptively correct and can be overcome only by strong and convincing evidence." *Oden*, 2020 ND 243, ¶ 13. "Once the plaintiff presents a prima facie case of valid service, the burden shifts to the defendant to present facts and documentation to establish service of process was insufficient." *Id.*

[¶12] The process server's signed return of service affidavit constituted prima facie evidence of valid service, making it Braddock's "burden to present facts and documentation to establish service of process was insufficient." *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 19, 883 N.W.2d 917. The district court found Cache served the document packet, including the summons and complaint, on Braddock on February 23, 2025. Braddock did not point to evidence in the record, much less strong and convincing evidence, overcoming the presumption the process server's return of service is correct.

[¶13] The district court's finding Cache served the summons and complaint on Braddock is supported by the evidence and is not clearly erroneous. Based on that finding, the court did not error in concluding it had personal jurisdiction over Braddock.

B

[¶14] Braddock argues the district court improperly excluded more than 1,100 pages of relevant evidence. Braddock argues the evidence demonstrated his ongoing effort to pay or cure and supported his equitable defenses under N.D.C.C. § 32-18-06. The court excluded the evidence based on a lack of foundation and because it was outside the scope of what the court can consider in an eviction action under N.D.C.C. § 47-32-04.

4

[¶15] "Foundation testimony is testimony that identifies the evidence and connects it with the issue in question." *Markgraf v. Welker*, 2015 ND 303, ¶ 16, 873 N.W.2d 26. "The district court has discretion in deciding whether to exclude evidence on the basis that it lacked foundation, and the court's decision will not be reversed on appeal unless the court abused its discretion." *Id.* A district court also "has broad discretion in deciding whether proffered evidence is relevant, and the court's decision to admit or to exclude evidence on the ground of relevance will not be reversed absent an abuse of discretion." *Langness v. Fencil Urethane Sys., Inc.*, 2003 ND 132, ¶ 26, 667 N.W.2d 596.

[¶16] Braddock attempted to admit multiple exhibits into evidence, stating "it's all my contact with anyone regarding this property." The court questioned whether the exhibits related to what it could consider in the eviction action. Cache objected to the admission of the exhibits, stating the district court did not have "the foundation necessary to admit them at this point." The court asked Cache if, in addition to possession, it was asking for rents, profits, or damages. Cache responded it was not. The court then sustained Cache's objection "absent the steps necessary to show the foundation and relevance." The court explained to Braddock the defense he wanted to raise was not appropriate for the eviction action.

[¶17] Section 47-32-04, N.D.C.C., provides eviction actions are not joinable with other actions, and that counterclaims and defenses may not be interposed, except as a setoff to a demand made for damages or for rents and profits. Because Cache did not request any damages, rents, or profits, the eviction hearing was solely on the right to possession. Thus, Braddock could not bring any counterclaims or defenses in the action.

[¶18] The district court did not abuse its discretion in excluding Braddock's exhibits. Braddock did not provide foundation for the exhibits or show their relevance to the issue of right of possession.

C

[¶19] Braddock argues summary eviction was improper. He asserts, under North Dakota Law, summary eviction is limited to the present right of

5

possession and may not be used to adjudicate ownership, title, or the validity of a contract for deed cancellation.

[¶20] "The interpretation and application of a statute is a question of law, which is fully reviewable on appeal." *Locken v. Locken*, 2011 ND 90, ¶ 7, 797 N.W.2d 301. A district court's findings of fact are presumptively correct and reviewed under the clearly erroneous standard of review. *Ted J. Boutrous,* 2023 ND 35, ¶ 28; *Nagle*, 2025 ND 94, ¶ 11.

[¶21] Section 47-32-01, N.D.C.C., allows an eviction action after a cancellation and termination of a contract for deed. N.D.C.C. § 47-32-01 ("An action of eviction to recover the possession of real estate is maintainable in the proper district court when . . . [a] party continues in possession . . . after the cancellation and termination of any contract for deed[.]"). Thus, the issue before the district court was whether Braddock remained in possession of the Property after the contract for deed was canceled.

[¶22] "[T]here are basically two methods to cancel a contract for deed: 1) a statutory cancellation under N.D.C.C. ch. 32-18; or 2) a court action." *Axvig v. Czajkowski*, 2025 ND 135, ¶ 14, 24 N.W.3d 79 (quoting *Bendish v. Castillo*, 2012 ND 30, ¶ 7, 812 N.W.2d 398). Statutory cancellation is a nonjudicial, expeditious remedy with minimal judicial intervention. By following the statutes' strict guidelines, a vendor cancels the contract for deed by operation of law. Upon cancellation, the vendee's interest in the property terminates and the vendee is required to return possession of property to the vendor. *See Rudnitski v. Seely*, 452 N.W.2d 664, 667 (Minn. 1990), *Schrunk v. Andres*, 22 N.W.2d 548, 467 (Minn. 1946); *see also Johnson v. Gray*, 265 N.W.2d 861, 863 (N.D. 1978) ("The Minnesota cancellation and redemption statute . . . is very similar to our present statute, Chapter 32-18, N.D.C.C."). If the vendee fails to return possession of the property, the vendee is in wrongful possession of the property, and an eviction is proper. N.D.C.C. § 47-32-01.

[¶23] For statutory cancellation to occur, the vendor must serve the vendee with a notice of default that identifies the specific default and notifies the vendee the contract will be canceled or terminated on a specified date. N.D.C.C. § 32-18-02.

6

The vendee then has either six months or one year to cure the default. The length of time is determined by the percentage of the amount due on the contract compared to the total contract value. N.D.C.C. § 32-18-04. If the vendee cures the default within this period, the statutory cancellation process ends. However, if the vendee fails to cure the default, the vendor may then record and serve a notice of cancellation on the vendee, which terminates the contract. N.D.C.C. § 32-18-05.

[¶24] At any time during the statutory cancellation process, if the vendee believes the vendee has a valid defense or counterclaim against the cancellation, the vendee may file an affidavit with the district court in the county where the property is located. The court will then determine whether the defense or counterclaim has merit and "may enjoin the vendor or the vendor's successor in interest from the cancellation of such contract by notice and may direct that all further proceedings for the cancellation be had in the district court." N.D.C.C. § 32-18-06.

[¶25] Cache provided evidence it properly complied with the requirements of N.D.C.C. ch. 32-18. Braddock did not present evidence it filed with the district court an affidavit outlining any counterclaim or defense. He also did not present evidence a court enjoined the cancellation. The district court found that, once the six-month cure period passed, the contract for deed was canceled by operation of law and terminated Braddock's interest in the Property. Based on the undisputed evidence, the court found Braddock's possession of the property after the cancellation was wrongful and eviction was proper.

[¶26] The district court did not improperly adjudicate ownership because the contract for deed was canceled by operation of law. The court determined the right to possession of the Property based on the canceled contract for deed. The court's findings Braddock was in wrongful possession of the Property is supported by the evidence and not clearly erroneous.

7

## III

[¶27] We have considered the parties' other arguments and conclude they are unnecessary for our decision, were inadequately briefed, were not raised at the district court, or are without merit. We affirm the judgment.

[¶28] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr