**K & L HOMES, INC., Plaintiff and Appellee,**

v.

**BURLEIGH COUNTY, North Dakota, Defendant,**

and

**Marlys R. Stein, Defendant and Appellant.**

**Civ. No. 910240.**

Supreme Court of North Dakota.

Dec. 9, 1991.

& L initiated this quiet-title action after it had purchased two lots from Burleigh County (hereinafter County) at a tax sale. We affirm.

Stein was the owner of lots Eighteen (18) and Nineteen (19), Block Twenty-five (25), Stein's Fourth Addition to the City of Bismarck, Burleigh County, North Dakota. Because the taxes for the years 1985–1989 were not paid, the lots were offered for sale and eventually deeded to the County on November 20, 1990. The County sold the property to K & L on November 29, 1990.

K & L initiated an action to quiet title against Marlys Stein and Burleigh County. Stein answered denying that K & L had any interest in the property and asserting that notice of the tax sale required by law was not properly given. The County failed to answer. K & L moved for summary judgment. Stein resisted the motion, claiming that the County had failed to properly post the notice of the tax sale in four public places as required by Section 57–24–07, N.D.C.C. Stein argues that because of this omission, the tax title held by Burleigh County was void and, therefore, the County could not pass good title to K & L.

The district court granted K & L's motion for summary judgment and ordered that title be quieted in K & L. The court acknowledged Stein's technical defense regarding the posting of notices, but found that because she had received actual notice she could show no harm.

"Summary judgment is proper when, after viewing the evidence in a light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no genuine dispute as to either the material facts or the inferences to be drawn from undisputed facts." *Heller v. Production Credit of Minot*, 462 N.W.2d 125, 127 (N.D.1990) [citing *Matter of Estate of Hansen*, 458 N.W.2d 264 (N.D.1990)]; *Fibelstad v. Grant County*, 474 N.W.2d 54 (N.D.1991). There is no factual dispute in this case. .

■ Section 57–24–07, N.D.C.C., requires that the county auditor give notice of delin-

---

Marlys R. Stein, pro se.

Joseph J. Cichy and John M. Olson of Wheeler Wolf, Bismarck, for plaintiff and appellee; submitted on briefs.

VANDE WALLE, Justice.

Marlys Stein appealed from a summary judgment in a quiet-title action in favor of K & L Homes, Inc. (hereinafter K & L). K

quent real estate tax sale. This notice is to be published in the official newspaper. The statute requires that the notice state that a list of delinquent lands is on file and may be examined in the auditor's office and that a copy of such list with names of the owners and description of the tracts involved, has been posted in "four or more public places in the county, giving the name and location of such places of posting." The County concedes that notice was only posted in two public places in the County. It is not disputed that all of the other statutory requirements were fulfilled.

Stein relies upon our decision in *Fibelstad, supra,* for support of her contention that the failure to comply with the statutory-notice requirement is a jurisdictional defect and is therefore a ground for avoiding the sale under Section 57–24–29, N.D.C.C., which states:

"Tax sale certificates, either original or subsequent, in all cases shall be prima facie evidence that all the requirements of law with respect to the sale have been complied with, and that the grantee therein is entitled to a deed therefor after the time of redemption has expired. No sale shall be set aside nor held invalid, unless the party objecting to the same shall prove that:

1. * * *

2. * * *

3. Notice of such sale as required by law was not given...."

In *Fibelstad,* Justice Meschke, writing for our Court, described in detail the statutory procedures involved in a sale of property for delinquent taxes including the redemption provisions and carefully considered the interplay of the various statutory provisions concerning defects and irregularities in tax sale proceedings and whether or not those defects and irregularities are jurisdictional. The opinion analyzed the previous decisions of this Court construing those provisions. The controlling statute was, as here, Section 57–28–08(3), N.D.C.C., which provides:

"The failure of the owner or any mortgagee, or other lienholder, to redeem

such lands before the period of redemption expires, shall operate:

1. * * *

2. * * *

3. To waive all errors, irregularities, or omissions which do not affect the substantial rights of the parties, in tax deed proceedings, except jurisdictional defects."

But what is a jurisdictional defect within the meaning of Section 57–28–08, N.D.C.C., may "differ depending on the context of the challenge to the tax sale proceedings." *Fibelstad,* 474 N.W.2d at 59. In *Fibelstad* we relied upon *Remmich v. Wagner,* 77 N.D. 120, 41 N.W.2d 170 (1950), which held that it is the giving of the notice of tax sale that is jurisdictional to a valid tax sale. We concluded that failure to publish a notice required by law before a tax sale is a jurisdictional defect within the intended meaning of Section 57–28–08, N.D.C.C. We observed that:

"The statutory direction to publish notice of sale serves a useful purpose in this comprehensive statutory scheme for tax sales. The publication of notice is an additional means of notifying the owner as well as others with an interest in the property 'that a sale will be had at a certain time and place,' which is the 'essential part of the notice of sale.' *Remmich,* 41 N.W.2d at 174. Additionally, the publication of notice is the primary means of notifying potential buyers in the general public, thereby increasing the likelihood that the lands will be sold and lost tax revenue recovered. (Citation omitted). These factors reinforce our conclusion that failure to publish this required notice is a jurisdictional defect."

*Fibelstad,* 474 N.W.2d at 61.

Is the failure to comply with provisions of Section 57–24–07, N.D.C.C., by posting the list of lands subject to the tax sale in two public places, rather than the statutorily specified four public places, a jurisdictional defect? We hold it is not. A reading of the plain language of Section 57–24–07, N.D.C.C., requires the conclusion that it is the publication in the newspaper that is the notice of sale required by that statute,

not the posting of the list of delinquent lands:

"COUNTY AUDITOR TO GIVE NOTICE OF TAX SALE BY PUBLICATION. The county auditor shall give notice of the delinquent real estate tax sale by publishing in the official newspaper of the county a notice, over his signature, published once each week for two successive weeks, the first publication to be made at least fourteen days prior to such sale. Each notice shall contain the information that all lands upon which taxes for the preceding year remain unpaid will be sold, and shall state the time and place of sale. The notice shall not contain the name of the owner of any lot or tract, nor the description thereof, but it shall state that a list of all lands subject to such sale is on file and may be examined at the office of the county auditor, and that a copy of such list with names of the owners and descriptions of the lands or tracts involved, and the total amount of taxes, penalties, interest, and cost of advertising, has been posted in the office of the county auditor and in four or more public places in the county, giving the name and location of such places of posting."

Thus the list which was posted in two, but not four, public places is not the notice of sale. The notice of sale is the notice published in the newspaper.[1] Here we have that notice. It is not disputed that the notice in the newspaper was published pursuant to statute and there was no total failure of notice as occurred in *Fibelstad*.

Our conclusion that the list is not the notice of sale is governed by the decision in *Remmich v. Wagner, supra,* upon which this court relied in reaching its decision in *Fibelstad*. In analyzing the statute with which we are here concerned, Section 57–24–07, N.D.C.C., the *Remmich* court observed:

"The purpose of the lists is to: 'Show liability of the particular piece of property to the payment of the particular sum assessed as a tax on it and the fact that the tax remains delinquent.' 61 C.J. 1137. The posting thereof is for the purpose of making easily available to the taxpayer or other interested parties the tax status of the property and to induce payment. For the same reason reference to those lists is made in the published notice of sale. Even without those lists the taxpayer will be presumed to know whether or not he has paid his taxes. *The essential part of the notice of sale is that a sale will be had at a certain time and place.* The tax lists and the reference thereto do not show that. *The making and posting of such lists is a step in the sale procedure separate from the giving of the tax sale notice.*"

*Remmich v. Wagner,* 41 N.W.2d at 173–74. (Emphasis added).

The *Remmich* Court relied upon the provisions of what is now codified as Section 57–24–29, N.D.C.C., to observe that all the statutory steps for sale have to be taken in their order and that an irregularity in any of them may be attacked *before* the tax

---

1. Prior to the initiated act of 1932, 1933 N.D.Laws p. 500, section 2189, C.L.1913, 1925 Supplement, now codified as Section 57–24–07, N.D.C.C., required that the notice of tax sale contain a list of the lands to be sold, the name of the person to whom said property is assessed and the amount of taxes due. The initiated law made a change and specifically provided that the notice is not to contain the name of the owner of any lot or tract nor the description thereof. *See Remmich v. Wagner,* 77 N.D. 120, 41 N.W.2d 170 (1950). The apparent purpose of that initiated measure, "Shortening Delinquent Real Estate Tax Sale Notice," as well as a number of other initiated measures proposed at that same time was to reduce the cost of government because of the drought and depression of the late 1920's and 1930's. These included measures to reduce: county officer's mileage (1933 N.D.Laws p. 495); state officer's mileage (1933 N.D.Laws 496); county officer's salaries (1933 N.D.Laws p. 497); legal notice fees (1933 N.D.Laws p. 499); district and Supreme Court judge's salaries (1933 N.D.Laws p. 503); and state official's salaries (1933 N.D.Laws p. 504). Although the purpose of deleting the requirement that the notice of tax sale published in the newspaper contain a list of the lands to be sold, the name of the person to whom the property was assessed and the amount of taxes due, was to save the counties money by reducing the cost of publishing notices of tax sales, the amendment had a more substantive effect of separating that information from the official notice of the sale.

sale. But after the sale, no tax sale can be set aside unless the party attacking the sale proves one of the four irregularities and the "failure of the proof of posting the lists to conform to the proof required by the statute is one of the irregularities that is cured when not attacked before the sale." *Id.* at 174.

Actual notice of the tax sale does not preclude Stein from challenging the sale on the ground of failure to comply with the statutory-notice requirements. *Fibelstad, supra.* But the posting in two, rather than four, public places is not jurisdictional, and we observe that Stein, as owner of record title, received personal notice of the redemption period by certified mail pursuant to Section 57–28–04, N.D.C.C. Where the defect is nonjurisdictional and the owner with actual notice makes no attempt to redeem, there can be no prejudice flowing from the irregularity. *See Stutsman v. Smith*, 73 N.D. 664, 18 N.W.2d 639 (1945).

The defect in the posting of the list of property to be sold was not jurisdictional and should have been attacked prior to sale. We affirm the judgment of the district court.

ERICKSTAD, C.J., and LEVINE and MESCHKE, J., concur.

Justice H.F. GIERKE, a member of the Court when this case was submitted, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.