2000 ND 156

LaVern PEPLINSKI, Plaintiff and Appellant,

v.

COUNTY OF RICHLAND, a Municipal Corporation; and Christian M. Anderson, Defendants, Third–Party Plaintiffs, and Appellees,

v.

The United States of America, Farm Service Agency, f/k/a Farmers Home Administration, United States Department of Agriculture; The United States of America, Commodity Credit Corporation, U.S. Department of Agriculture; Nodak Mutual Insurance Company; PHI Financial Services, Inc.; Farmers Union Oil Company of Lidgerwood/Wyndmere, a North Dakota Cooperative; Wyndmere Farmers Elevator, a North Dakota Cooperative; and Farm Credit Services, f/k/a Federal Land Bank Association of St. Paul, Third–Party Defendants

No. 990376.

Supreme Court of North Dakota.

Aug. 18, 2000.

Rehearing Denied Sept. 18, 2000.

David A. Garaas, Garaas Law Firm, Fargo, N.D., for plaintiff and appellant.

Steven J. Lies (on brief), Lies & Bullis, Wahpeton, N.D., for defendant, third-party plaintiff, and appellee, County of Richland.

Christian M. Anderson, Anderson Law Office, Wahpeton, N.D., for defendant, third-party plaintiff, and appellee, Christian M. Anderson.

NEUMANN, Justice.

[¶ 1] Lavern Peplinski appealed from an amended judgment quieting title in 80 acres in Christian M. Anderson. We hold the proceedings for a tax sale and the issuance of a tax deed for the 80 acres complied with applicable statutory requirements. We affirm.

I

[¶ 2] Peplinski was the record title owner of 80 acres of agricultural land in Richland County, and he failed to pay his 1991 real estate taxes for the land. Between November 1 and November 15, 1992, Richland County mailed Peplinski notice of a December tax sale of the 80 acres. *See* N.D.C.C. § 57–24–01.[1] Peplinski denied receiving the notice. On Tuesday December 1 and Friday December 4, 1992, Richland County caused notice of a scheduled tax sale beginning on December 8, 1992, to be published in the official county newspaper. Richland County concedes the publication did not comply with N.D.C.C. § 57–24–07, which requires notice to be published once a week for two consecutive weeks with the first publication at least 14 days before the sale. On December 10, 1992, Richland County purchased the 80 acres at the tax sale and received a tax sale certificate for the land. *See* N.D.C.C. § 57–24–23. Peplinski also failed to pay his 1992 through 1995 real estate taxes for the 80 acres, which resulted in the county receiving subsequent tax sale certificates for those years under N.D.C.C. § 57–24–25.

[¶ 3] Richland County prepared a May 20, 1996 notice of expiration of the period of redemption for the 1991 taxes, stating the amount necessary to redeem the land was $607.45. *See* N.D.C.C. §§ 57–28–01 and 57–28–02. In May 1996, Richland County mailed Peplinski the notice by certified mail, restricted delivery, and also

---

1.  For taxable years beginning after December 31, 1998, the statutory scheme for delinquent real estate taxes has been changed. *See* 1999 N.D. Sess. Laws ch. 503. The 1999 legislation streamlined the collection process by eliminating the tax sale and replacing it with a tax lien on the property with foreclosure and issuance of a tax deed to the county if the taxes were not paid by October 1 of the fourth year following application of the tax lien. *See Hearing on S.B. 2334 Before Senate Finance and Taxation Comm.,* 56th N.D. Legis. Sess. (Jan. 25, 1999) (testimony of Leslie Korgel, McLean County Treasurer). This appeal is governed by the law in effect before the 1999 amendments.

mailed him a "courtesy" notice. Richland County also mailed the notice by certified mail to all lien holders of record. The notice said a tax deed would be issued unless the property was redeemed on or before October 1. *See* N.D.C.C. § 57–28–02. The notice of expiration of the period of redemption sent by certified mail to Peplinski was returned undelivered despite two efforts by post office employees to deliver the notice at Peplinski's home and despite notices to Peplinski to pick up his certified mail at the post office. Richland County also published notice of expiration of the redemption period in the official county newspaper on July 28, August 4, and August 11, 1996. *See* N.D.C.C. § 57–28–06.

[¶ 4] On September 12, 1996, Richland County assigned all of its right, title and interest in the 80 acres to Anderson for $1,753.58. On October 2, 1996, Peplinski called the Richard County Treasurer's Office and was informed it was too late to redeem the 80 acres. Richland County issued a tax deed for the 80 acres to Anderson on October 3, 1996. Peplinski thereafter tried to redeem the land by tendering payment to Richland County in October 1996, but Richland County rejected his redemption attempts.

[¶ 5] Peplinski initiated this quiet title action against Richland County and Anderson, claiming the proceedings for the tax sale and the issuance of the tax deed were deficient. Anderson answered, asserting title to the land under the tax deed. Anderson also initiated a quiet title action against Peplinski's potential judgment or lien creditors. Peplinski subsequently amended his complaint to allege the 80 acres were part of his homestead. All lien holders except the United States defaulted, and the United States appeared and conceded if the tax sale was upheld, its lien position was terminated. After an evidentiary hearing, the trial court quieted title in the land in Anderson. Peplinski appealed.

## II

[¶ 6] To understand the issues raised in this appeal, we briefly summarize the applicable statutory scheme regarding tax sales and issuance of a tax deed for delinquent real estate taxes. *See* fn.1. After real estate taxes are levied for a particular year, the county treasurer mails tax statements by December 26 of that year to property owners at their last known address. *See* N.D.C.C. § 57–20–07.1. If a property owner fails to pay those taxes, the treasurer mails each owner a notice between November 1 and November 15 of the following year which states the owners property will be sold at an annual tax sale on the second Tuesday of December. *See* N.D.C.C. § 57–24–01. In addition to the mailed notice, the county auditor posts a list of the delinquent real estate taxes in the auditor's office, *see* N.D.C.C. §§ 57–24–02 and 27–24–03, and causes notice of the tax sale to be published in the official county newspaper. *See* N.D.C.C. § 57–24–07. If the taxes remain unpaid, the auditor may sell the property at a public auction beginning on the second Tuesday of December for a bid equal to the total amount of taxes, penalties, and sale costs. *See* N.D.C.C. § 57–24–12. A purchaser at a tax sale is entitled to a tax sale certificate describing the land purchased, the sum paid, and the time when the purchaser will be entitled to a tax deed. *See* N.D.C.C. § 57–24–19. If there is no private bidder at the sale, the treasurer bids for the county, which acquires the same legal and equitable rights as a private bidder, *see* N.D.C.C. § 54–27–14, and a tax sale certificate is deemed issued to the county. *See* N.D.C.C. § 57–24–23. A tax sale certificate is presumptive evidence of the regularity of all prior proceedings, *see* N.D.C.C. § 57–24–19, and is prima facie evidence that all requirements for the sale were satisfied. *See* N.D.C.C. § 57–24–29. A tax sale may not be set aside or held invalid unless a party objecting to the sale proves notice of the sale as required by

law was not given. *See* N.D.C.C. § 57–24–29.

[¶ 7] Chapter 57–26, N.D.C.C., outlines procedures for redeeming property sold at a tax sale. After the tax sale, any person having an interest in the property can redeem it by paying the amount it sold for, plus interest, before the expiration of the redemption period. *See* N.D.C.C. §§ 57–26–02 and 57–26–03. Under N.D.C.C. § 57–26–01, a tax sale certificate, whether owned by the county or anyone else, may be redeemed at any time before the period of redemption expires and within 90 days after notice of the expiration of the redemption period is given as required by law.

[¶ 8] If the land is not redeemed, N.D.C.C. ch. 57–27 outlines the rights of a private purchaser, and N.D.C.C. ch. 57–28 outlines the rights of a county. If the property is not redeemed within three years after the county acquires a tax sale certificate, the auditor serves notice by certified mail before June 1 that the redemption period will expire on October 1, *see* N.D.C.C. §§ 57–28–01 through 57–28–05, and causes notice to be published once before August 1 in the official county newspaper. *See* N.D.C.C. § 57–28–06. If the property is not redeemed on or before the expiration of the redemption period on October 1, N.D.C.C. § 57–28–09 authorizes the auditor to issue a tax deed for the property. Under N.D.C.C. § 57–28–08, the failure of an owner, mortgagee, or lien holder to redeem the land before expiration of the period of redemption operates to pass any interest of the owner to the county, to foreclose all rights of redemption, and to waive all errors, irregularities, or omissions which do not affect substantial rights, except jurisdictional defects. We consider Peplinski's arguments within the context of that statutory scheme.

### III

[¶ 9] Peplinski argues the entire tax sale proceeding was invalid because the trial court found Richland County's publication of the notice of the tax sale did not comply with N.D.C.C. § 57–24–07.[2] The trial court found the notice of tax sale published on December 1 and December 4, 1992, for the sale on December 10, 1992, did not comply with N.D.C.C. § 57–24–07, which requires notice to be published once a week for two consecutive weeks with the first publication at least 14 days before the sale. The court nevertheless decided the irregularities in the publication were not jurisdictional and did not invalidate the tax sale proceeding. Peplinski argues Richland County's failure to strictly follow the publication requirements in N.D.C.C. § 57–24–07 is a jurisdictional defect under *Dever v. Cornwell*, 10 N.D. 123, 86 N.W. 227 (1901) and *Fibelstad v. Grant County*, 474 N.W.2d 54 (N.D.1991), and denied him due process.

[¶ 10] In *Dever*, 10 N.D. at 129–30, 86 N.W. at 230, the governing statute, Section 1255 of the Revised Codes of 1895, required publication of a notice of tax sale once a week for three consecutive weeks preceding the sale. This Court construed that language to mean publication must continue for and during three full weeks of

---

**2.** At the time of the tax sale, N.D.C.C. § 57–24–07 provided:

The county auditor shall give notice of the delinquent real estate tax sale by publishing in the official newspaper of the county a notice, over his signature, published once each week for two successive weeks, the first publication to be made at least fourteen days prior to such sale. Each notice must contain the information that all lands upon which taxes for the preceding year remain unpaid will be sold, and must state the time and place of sale. The notice may not contain the name of the owner of any lot or tract, nor the description thereof, but it must state that a list of all lands subject to such sale is on file and may be examined at the office of the county auditor, and that a copy of such list with names of the owners and descriptions of the lands or tracts involved, and the total amount of taxes, penalties, interest, and cost of advertising, has been posted in the office of the county auditor and in four or more public places in the county, giving the name and location of such places of posting.

seven days each, a total period of 21 days, preceding the sale. *Dever,* 10 N.D. at 129–30, 86 N.W. at 230–31. There, the first publication was 18 days before the sale, not 21 days as required by that statute, and this Court said the publication was insufficient, the defect was jurisdictional, no legal notice had been given prior to the sale, and the deed issued after the sale was void. *Id.*

[¶ 11] In *Fibelstad,* 474 N.W.2d at 60, we discussed the meaning of "jurisdictional defect" and quoting from *Remmich v. Wagner,* 77 N.D. 120, 125, 41 N.W.2d 170, 173 (1950), said:

> [A] mere irregularity in the proof of the making and posting of the tax lists would not be sufficient to set aside the tax sale unless that became an essential part of proving that the notice of the tax sale was not given. In other words, before the deed based on that tax sale could be set aside under the evidence of this case *the proof must fail to show that the notice of the sale was given as required by law. It is the giving of the notice of tax sale that is jurisdictional to a valid tax sale. It is only for jurisdictional defects that this tax deed could be set aside at this time.*

(Emphasis in original). In *Fibelstad,* at 61–62, we held the total failure to publish notice of a tax sale was a jurisdictional defect which rendered the tax sale invalid under N.D.C.C. § 57–28–08(3).

[¶ 12] In *K & L Homes, Inc. v. Burleigh County,* 478 N.W.2d 376, 378 (N.D.1991), we held the posting of a list of properties to be sold at a tax sale in two public places, instead of four as required by N.D.C.C. § 57–24–07,[3] was a non-jurisdictional defect which did not render the tax sale invalid. We said there was not a total failure of notice as in *Fibelstad* and "it is the publication in the newspaper that is the notice of sale required by that statute,

not the posting of the list of delinquent lands." *K & L Homes,* at 378–79.

[¶ 13] In *Van Raden Homes, Inc. v. Dakota View Estates,* 546 N.W.2d 843, 847–48 (N.D.1996), we held there was no jurisdictional defect in a tax sale notice which was mailed to the property owner in August rather than between November 1 and 15 as required by N.D.C.C. § 57–24–01 and which stated the "tax" rather than the "lots" would be sold. We said it was the giving of the notice of the tax sale that was jurisdictional, and a mere irregularity in the notice was not sufficient to set aside the tax sale unless the irregularity was an essential part of proving notice of the tax sale was not given. *Van Raden,* at 848. We held the timing and form of the notice were irregularities that were cured by the issuance of tax sale certificates. *Id.*

■ [¶ 14] Our recent cases indicate the giving of actual notice of the tax sale is jurisdictional, and to be a jurisdictional defect, any irregularity in the notice must be an essential part of proving no notice of the sale was given. When *Dever* was decided, the governing statute was Section 1255 of the Revised Codes of 1895, which required notice by publication. The provisions requiring the county treasurer to give owners notice by mail were enacted by initiated measure on November 8, 1932. *See* 1933 N.D. Laws, p. 500. *See also K & L Homes,* 478 N.W.2d at 379 n. 1. Although notice by publication serves as "an additional means of notifying the owner as well as others with an interest in the property 'that a sale will be had at a certain time and place,' "and is "the primary means of notifying potential buyers in the general public, thereby increasing the likelihood that the lands will be sold and lost tax revenue recovered," the " 'essential part of the notice of sale' " is that the sale will be held at a certain time and place. *Fibelstad,* 474 N.W.2d at 61.

---

**3.** Before N.D.C.C. § 57–24–07 was repealed in 1999, *see* fn.1, it was amended in 1995 to delete the requirement for posting the list of

properties in four public places. *See* 1995 N.D. Sess. Laws ch. 556, § 1.

[¶ 15] Richland County did not precisely comply with all the publication requirements for notice of the tax sale, but unlike *Fibelstad* where there was no publication of the notice of sale, here there was publication of a notice of sale which indicated the sale was at a certain time and place. Although there were irregularities in the published notice, the trial court found the Richland County treasurer mailed a notice of the tax sale to Peplinski between the first and fifteenth of November. Peplinski claims he did not receive that notice, but the trial court discredited his testimony, and specifically decided the evidence supported a determination Peplinski received the mailed notice of the tax sale. Simply because Peplinski may not have read the mailed notice does not render it invalid. *See Mund v. Rambough,* 432 N.W.2d 50, 54 (N.D.1988); *Coverston v. Grand Forks County,* 74 N.D. 552, 555–57, 23 N.W.2d 746, 749 (1946). The trial court found Peplinski had notice of the tax sale, and on this record, the court's finding is not clearly erroneous.[4]

[¶ 16] We conclude the defective notice by publication in this case involved an irregularity in the timing of the notice by publication, rather than an essential part of proving no notice was given. We conclude the defective publication coupled with Peplinski's actual receipt of the mailed notice of the tax sale satisfied the jurisdictional requirements for the tax sale. We hold the defect in notice of publication in this case was not jurisdictional and did not violate due process or invalidate the tax sale.

## IV

[¶ 17] Peplinski raises several issues involving his right to redeem the land. Because the failure of an owner to redeem property before the redemption period expires operates to waive all errors, irregularities, or omissions which do not affect substantial rights of the parties, except jurisdictional defects, *see* N.D.C.C. § 57–28–08(3), we initially consider whether Peplinski failed to redeem before the redemption period expired.

### A

[¶ 18] Peplinski argues the redemption period did not expire on October 1, 1996. He argues the redemption period under N.D.C.C. § 57–26–01 is ninety days after notice is given as required by law. He claims notice was not "given" to him by the May 1996 certified mailing of the expiration of the redemption period because it did not result in actual delivery to him. He argues the only notice of expiration of the redemption period "given" to him was the notice by publication, which was first published on July 28, 1996, and he argues he attempted to redeem the land within ninety days of that notice.

[¶ 19] Chapter 57–28, N.D.C.C., outlines the procedure when the county is the original purchaser of the land and receives the tax sale certificate. Under N.D.C.C. § 57–28–01, the county shall give notice of the expiration of the period of redemption on or before June 1 of each year when three or more years have passed since tax sale certificates were issued to the county and the property has not been redeemed or assigned. The period of redemption for property bid in by the county expires on October 1 after service of the notice of expiration of the period of redemption. *See* N.D.C.C. § 57–28–02. Under N.D.C.C. § 57–26–01, a tax sale certificate may be redeemed at any time before the

---

4. Peplinski has failed to provide this Court with a complete transcript of proceedings in the trial court. The trial court's written findings of fact state it specifically incorporated by reference all findings made in open court at the trial. Additionally, when the trial court denied Peplinski's motion to amend the findings, the court's written order said its denial was based on determinations and conclusions made in open court, which it incorporated by reference. Peplinski has not provided this Court with a complete transcript of either proceeding and he must assume the consequences for his failure. *See Owan v. Kindel,* 347 N.W.2d 577, 579 (N.D.1984).

period of redemption expires and within 90 days after the notice of the expiration of the redemption period is given as required by law. When those provisions are construed together to give meaning to each statute, the ninety day requirement of N.D.C.C. § 57–26–01 is satisfied if the county is the original purchaser of the property and has the tax sale certificate when it gives the owner notice of the expiration of the period of redemption by certified mail on or before June 1. Under that statutory scheme, the issue is whether the notice by certified mail to Peplinski was defective.

[¶ 20] In *Mund*, 432 N.W.2d at 54, we rejected a former landowner's claim a notice of expiration of the period of redemption was defective:

> Section 57–28–04, N.D.C.C., requires the county auditor to notify the landowner of the expiration of the period of redemption by means of registered or certified mail, return receipt requested. We said in *Brown v. Otesa*, 80 N.W.2d 92, 99 (N.D.1957), that
>
> > "[w]here the law prescribes a written notice as a method of giving information, the receipt of a letter containing the information is conclusive proof of knowledge of the purpose thereof. Whether as a matter of fact the recipient reads or takes notice of the letter makes no difference, because the notice contemplated has been given."

In *Mund*, at 54, we concluded the county fulfilled the statutory requirements for notice in N.D.C.C. § 57–28–04 when it mailed the notice by certified mail, return receipt requested, to the owner's address, and the fact the owner did not actually receive the notice in her hand or read it did not cause the service to be improper. In *Mund*, at 58, we also held service of notice by registered or certified mail did not deprive the former landowner of due process.

[¶ 21] Here, the trial court found Richland County mailed Peplinski a notice of expiration of the period of redemption by registered mail, restricted delivery in May 1996, and the mailed notice was returned undelivered despite two efforts by post office employees to deliver the notice at Peplinski's home and despite notices to Peplinski to pick up his certified mail at the post office. The court also found Richland County mailed a "courtesy" notice of the expiration of the period of redemption to Peplinski, and concluded his failure to accept delivery of the mail or failure to read the published notice did not alter the effect of service. Although Peplinski claims there was no specific finding he refused delivery of his mail, the trial court's written findings state they incorporated the court's oral findings. Peplinski has failed to provide this Court with a complete transcript of the trial court proceedings, including the court's oral findings, and he must assume the consequences for his failure. *See Owan*, 347 N.W.2d at 579. We reject Peplinski's claim notice of expiration of the period of redemption was not "given" to him by the certified and courtesy mailings in May 1996. *See Mund*, 432 N.W.2d at 54; *Coverston*, 74 N.D. at 556–57, 23 N.W.2d at 749. We conclude Peplinski's period of redemption expired on October 1, 1996.

B

[¶ 22] Peplinski argues Richland County was required to give him personal notice of the expiration of the period of redemption under N.D.C.C. § 57–27–02(2) because the 80 acres were part of his homestead in 1996. Peplinski's residential buildings were located on the W½ of the SW¼ of section 34 and the 80 acres that are the subject of this action are described as the E½ of the SW¼ of section 34. Peplinski claims he was entitled to personal service of the notice of expiration of the period of redemption, because the 80 acres represented his homestead and were part of 240 contiguous acres of land that were worth less than $80,000. He argues a homestead arises by operation of law contemporaneously with the occupancy and use of the premises as a home, and he was

not required to make a declaration of homestead under N.D.C.C. § 47–18–17. Peplinski argues the property was part of his homestead and was not subject to forced sale for real estate taxes except by judicial action.

[¶ 23] Under N.D.C.C. § 57–27–02(2), personal service of the notice of expiration of the redemption period is required if assessment records indicate the presence of residential buildings on the property. The status of property as a homestead involves factual determinations. *See Farmers State Bank v. Slaubaugh,* 366 N.W.2d 804, 808 (N.D.1985); *Larson v. Cole,* 76 N.D. 32, 37–41, 33 N.W.2d 325, 326–27 (1948). The trial court found there were no residential buildings on the 80–acre tract of land and the land was acquired and assessed as a tract distinct from the adjacent land upon which Peplinski's residence was located. On this record, the trial court's findings are not clearly erroneous and are dispositive of Peplinski's homestead arguments.

### C

[¶ 24] Peplinski argues Richland County was required to give notice of expiration of the period of redemption to his wife because she had a record interest in the property as a mortgagor. He argues his redemption rights were extended because of the defects in notice to his wife.

[¶ 25] Under N.D.C.C. § 57–27–02(1), notice of the expiration of the period of redemption must be directed to "the person in whose name the property described in the certificate is assessed, to all lien holders of record, and to all mortgagees or assignees of mortgages holding unsatisfied recorded mortgages." The county auditor must serve the notice by registered mail "upon each mortgagee, lien holder, and other person with an interest in the property." N.D.C.C. § 57–27–02(5).

[¶ 26] Peplinski's wife is not a party to this action, and the parties stipulated Peplinski was the record title owner of the 80

acres. Assuming Peplinski's wife was a person with an interest in the property, the trial court concluded the notice of the expiration of the period of redemption was served on all persons entitled to notice. Peplinski's wife essentially testified she was aware the redemption period was running and the land would be lost if Peplinski did not pay the taxes. Although there are no specific written findings that Peplinski's wife received notice of the expiration of the period of redemption, the testimony of Peplinski's wife supports a finding she had actual notice of the expiration of the period of redemption. Peplinski must assume the consequences for his failure to provide a complete transcript of the court's oral findings, *see Owan,* 347 N.W.2d at 579, and on this record, we reject his argument about notice to his wife.

### D

[¶ 27] Peplinski argues Richland County's notice of expiration of the period of redemption was not reasonable under the circumstances and violated his due process rights.

[¶ 28] Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pending proceeding and to afford them an opportunity to present objections. *E.g. Mund,* 432 N.W.2d at 58. The trial court's written findings support a conclusion the certified and courtesy mailings to Peplinski in May 1996 were reasonably calculated to provide him notice and an opportunity to redeem. Under these circumstances, Peplinski was not deprived due process.

### E

[¶ 29] Peplinski argues Anderson's failure to give further notice of the expiration of the period of redemption vitiated the tax deed. Peplinski argues Anderson was required to give a new notice of expiration of the period of redemption when Anderson took the assignment from Richland County in September 1996.

[¶ 30] Peplinski has cited no authority which requires Anderson to provide a new notice of expiration of the period of redemption when he took the assignment from Richland County. Section 57–27–07, N.D.C.C., contemplates a county's interest may be assigned "at any time" prior to redemption of the property. Here, Anderson received the assignment after Richland County gave Peplinski the required redemption notices by mail and publication. Peplinski's reliance on *Axt v. Bank of America*, 72 N.D. 600, 10 N.W.2d 430 (1943), is misplaced because that case stands for the proposition that the sufficiency of the notice of expiration of the period of redemption depends on the status of the holder of the tax sale certificate when the notice of expiration was given. In this case, the notice of expiration was given when Richland County was the holder of the tax sale certificate, and we reject Peplinski's claim Anderson was required to give further notice after he took the assignment from Richland County.

**F**

■ [¶ 31] Peplinski argues Richland County's failure to charge Anderson the right price for the tax sale certificate vitiated the certificate and resulting tax deed. Peplinski argues the amount paid by Anderson for the tax sale certificate was not enough under N.D.C.C. § 57–27–07 to pay the amount Richland County bid for the property, interest from the date of the tax sale at the rate of six percent per annum, and the amount of any later delinquent taxes. Peplinski argues if the sale to Anderson was valid, he was entitled to further notice—including the right to know the true redemption price. Peplinski's claims are nonjurisdictional and his failure to redeem during the period of redemption waived his right to complain about the price paid by Anderson. *See* N.D.C.C. § 57–28–08(3). *See also Stutsman v. Smith*, 73 N.D. 664, 672, 18 N.W.2d 639, 642 (1945).

**V**

■ [¶ 32] Peplinski argues as a mortgagor with the United States, he is in privity with the United States and can assert the continued priority and redemption rights of its two mortgages, which were recorded before the tax sale proceeding. Before trial, the United States waived its right to appear and conceded if the tax sale was upheld, its rights as mortgagee were terminated. The trial court decided the United States had no interest or estate as lien holder or otherwise in the property. Peplinski does not stand in any better position than the United States under its waiver.

**VI**

[¶ 33] We affirm the amended judgment.

[¶ 34] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.