2003 ND 133

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Edward Martin EHLI, Defendant and Appellant.**

No. 20030092.

Supreme Court of North Dakota.

Aug. 20, 2003.

Brian D. Grosinger, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

Edward Martin Ehli (on brief), pro se, Metairie, LA.

SANDSTROM, Justice.

[¶ 1]  Edward Ehli appealed from a district court order vacating the court's earlier order amending the conditions of Ehli's probation.  We conclude the procedure employed violated N.D.R.Ct. 3.2(a) and Ehli's due process rights, and we vacate the court's order.

I

[¶ 2]  In 1999, Ehli was charged with sexually abusing his girlfriend's seven-year-old daughter.  Ehli pled guilty to the offense of continuous sexual abuse of a child in violation of N.D.C.C. § 12.1–20–03.1 and was sentenced to twelve years in

prison, with seven years suspended. During the period of suspension, Ehli will be on probation. Two conditions of his probation are that he not have any contact with children under age 18 and that he not use the Internet.

[¶ 3] On February 14, 2003, Ehli requested the district court amend the conditions of probation to allow him to visit his sons and to remove the prohibition on his use of the Internet. The State did not respond to Ehli's request. On March 4, 2003, the district court amended Ehli's conditions of probation, eliminating the Internet restriction and making the non-contact with minors provision inapplicable to members of Ehli's family.

[¶ 4] On March 20, 2003, the State served a "Motion for Reconsideration of Court's Order of March 4, 2003 amd/or [sic] Motion to Amend Conditions of Probation." The State argued Ehli remained a threat to minors and had shown no reason why he needed access to the Internet. The court granted the State's motion in a one-sentence order dated March 25, 2003, vacating its March 4, 2003, order and ordering the original conditions of probation in the 1999 criminal judgment reinstated. Ehli appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Ehli's appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06(5).

## II

■ [¶ 6] The dispositive issues on appeal are whether the procedure employed by the trial court complied with N.D.R.Ct. 3.2(a) and comported with due process.

■ [¶ 7] Ehli contends the probation condition prohibiting all contact with any child under age 18 was the functional equivalent of a termination of his parental rights. The State construes the probation condition as prohibiting all contact, including telephone and mail contact, between Ehli and his children. We have previously noted that parents have a fundamental, natural right to their children, including the right of companionship, which is of constitutional dimension. *In re T.K.*, 2001 ND 127, ¶ 12, 630 N.W.2d 38; *In re W.E.*, 2000 ND 208, ¶ 30, 619 N.W.2d 494; *Hoff v. Berg*, 1999 ND 115, ¶ 10, 595 N.W.2d 285. That right is not, however, absolute and unconditional, and it may be curtailed or suspended if harmful to the child. *See In re B.N.*, 2003 ND 68, ¶ 19, 660 N.W.2d 610; *In re Adoption of S.A.L.*, 2002 ND 178, ¶ 10, 652 N.W.2d 912; *In re T.K.*, at ¶ 12; *see also* N.D.C.C. § 14–05–22(2) (a noncustodial parent may be denied visitation with the child if "visitation is likely to endanger the child's physical or emotional health").

[¶ 8] Ehli contends he was deprived of his right to establish a relationship with his children and was not afforded an opportunity to respond to the State's motion. Neither the State nor the trial court addressed the constitutional dimension of the parent-child relationship.

[¶ 9] The State served its motion on March 20, 2003. The notice expressly stated that the motion was submitted "pursuant to the provisions of Rule 3.2" and that Ehli had ten days to file an answer brief. Ehli served an answer brief by mail on March 25, 2003. The State concedes it received the brief in the mail on March 27, 2003. The copy filed with the district court bears the date stamp of the district court administrator dated March 27, 2003. The district judge's initials, with the date "3/27/03," are at the top of the first page of Ehli's brief. The document was filed in the district court on April 1, 2003. Although the record shows Ehli served a

timely answer brief, the district court issued its written order granting the State's motion on March 25, 2003, before it had received Ehli's brief.

 [¶ 10] A person is denied due process when defects in the procedure employed might lead to a denial of justice. *See Stutsman County v. Westereng*, 2001 ND 114, ¶ 8, 628 N.W.2d 305; *Hoffman v. North Dakota Workers Comp. Bureau*, 1999 ND 66, ¶ 12, 592 N.W.2d 533. The fundamental requirements of due process are notice and a fair opportunity to be heard. *Rowley v. Cleaver*, 1999 ND 158, ¶ 18, 598 N.W.2d 125; *Hoffman*, at ¶ 12; *Schmalle v. Schmalle*, 1998 ND 201, ¶ 9, 586 N.W.2d 677. Due process requires that parties be afforded a meaningful opportunity to present objections. *See Peplinski v. County of Richland*, 2000 ND 156, ¶ 28, 615 N.W.2d 546; *Fenske v. Fenske*, 542 N.W.2d 98, 100 (N.D.1996).

[¶ 11] Rule 3.2(a), N.D.R.Ct., provides specific guidelines governing the time for serving a response to a motion:

> Upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers.

In construing N.D.R.Ct. 3.2, this Court has cautioned that "[a] judgment entered on motion of one party without proper notice and the opportunity to be heard by the other party is contrary to fundamental principles of justice." *First Western Bank of Minot v. Wickman*, 464 N.W.2d 195, 196 (N.D.1990); *see also Collins v. Collins*, 495 N.W.2d 293, 296 (N.D.1993); *McWethy v. McWethy*, 366 N.W.2d 796, 798 (N.D.1985).

[¶ 12] Although Ehli received proper notice and served a timely answer brief to the State's motion, the district court did not wait for Ehli's answer brief before ruling on the motion. The court instead issued its order granting the State's motion and amending the conditions of probation before the time for filing an answer brief had expired. We conclude the procedure employed in this case failed to afford Ehli a fair and meaningful opportunity to respond to the State's motion, and violated Ehli's due process rights and N.D.R.Ct. 3.2(a).

[¶ 13] We vacate the March 25, 2003, order, which had vacated the court's March 4, 2003, order.[1]

[¶ 14] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.

---

1. If the State wishes to seek reinstatement of the original conditions of probation, it may file a new motion under N.D.C.C. § 12.1–32–07(6).